Michael A. Bliven
Oregon State Bar No. 942510
BLIVEN LAW FIRM, PC
704 S. Main
Kalispell, MT 59901
Telephone: (406) 755-6828
mike@blivenlawfirm.com

Robert F. Dwyer, III
Oregon State Bar No. 984197
BLIVEN LAW FIRM, PC
202 North Main Street, Suite 1
Boardman, OR 97818
Telephone: (406) 755-6828
rdwyer@blivenlawfirm.com

John Heenan (*pro hac vice*)
HEENAN & COOK
1631 Zimmerman Trail
Billings, MT 59102
Telephone: (406) 839-9091
john@lawmontana.com

Steve W. Berman (*pro hac vice*)
Meredith S. Simons (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98134
Telephone: (206) 623-7292
steve@hbsslaw.com
merediths@hbsslaw.com

Abigail D. Pershing (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
abigailp@hbsslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| MICHAEL PEARSON, JAMES SUTER, SILVIA SUTER, and JEANNIE STRANGE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PORT OF MORROW, LAMB WESTON HOLDINGS, INC., MADISON RANCHES, INC., THREEMILE CANYON FARMS, LLC, BEEF NORTHWEST FEEDERS, LLC, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 2:24-cv-00362-HL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME AND PLAINTIFFS' REQUEST FOR A STATUS CONFERENCE** |

## INTRODUCTION

This case responds to a public health emergency. Thousands of people in Umatilla and Morrow Counties do not have ready access to clean drinking water. Amended Class Action Complaint ¶ 1 (Dkt. No. 17). The cause? Defendants have dumped, and continue to dump, overwhelming amounts of nitrates onto land in the area, and these nitrates percolate down to the water table on which residents rely for their water. *Id.* ¶¶ 2–3. The water is now so contaminated that drinking it is acutely dangerous. *Id.* ¶¶ 43–45. For people who are most susceptible to the effects of nitrates—including babies under six months old—drinking this water can even be fatal. *Id.*

Time is therefore of the essence in this case. The best way to ensure that this litigation does not stall, and that Plaintiffs and other members of the proposed Class are not exposed to contaminated water for any longer than is necessary, is to set a full case schedule that lays out short but realistic deadlines for all parties.

Defendants' Joint Motion for Extension of Time achieves neither of these objectives. Granting Defendants' Motion in its current formulation, without vacating other deadlines already set by this Court, would create an untenable schedule that would severely prejudice Plaintiffs. On the other hand, granting Defendants' Motion and vacating other deadlines, but without setting out a new case schedule, would be tantamount to staying discovery and risks prolonging the time Umatilla and Morrow County residents remain exposed to dangerous contaminants.

Plaintiffs therefore respectfully request that the Court deny Defendants' Joint Motion for Extension of Time or, if it grants their request, set a full case schedule that is more appropriate for this case than the current one. Furthermore, as an alternative, Plaintiffs request a status conference with the Court to set a full case schedule that sets reasonable deadlines for all parties.

**ARGUMENT**

Plaintiffs oppose Defendants' Motion, which extends Defendants' time to file responsive pleadings to Plaintiffs' Complaint but would otherwise leave the current schedule unaltered. Plaintiffs do not inherently oppose Defendants' request to extend their deadline to respond to Plaintiffs' Amended Complaint to June 10, 2024. But if this Court grants Defendants' request in isolation—while leaving all other deadlines in the case unchanged—Plaintiffs will be required to complete all discovery, file all dispositive motions, and complete any pretrial motions within three weeks of receiving Defendants' responsive pleadings. *See* Discovery and Pretrial Scheduling Order, Dkt. No. 2 (Feb. 28, 2024) (ordering that the parties complete these litigation steps within 120 days of the Order, or by June 27, 2024). This is unworkable and would cause extreme prejudice to Plaintiffs.

Furthermore, although Defendants did not explicitly request that all current deadlines be vacated, during meet and confers they have asserted that all deadlines should be suspended until after a ruling on their motions to dismiss and potentially until after rulings on motions brought by new defendants. Plaintiffs would oppose vacating all current discovery and pretrial deadlines without replacing them with new proposed deadlines. Doing so would be tantamount to staying discovery in the case altogether, needlessly prolonging litigation and burdening the Court with a drawn-out schedule. This case is about a public health crisis, and every additional day of delay compounds the harm Plaintiffs and other Class members are suffering.

As an alternative to Defendants' motion, Plaintiffs request a status conference with the Court, pursuant to Local Rule 16-2(c) and under Federal Rule of Civil Procedure 16, to set a full case schedule. Plaintiffs propose the following schedule, which extends Defendants' deadline to

respond to Plaintiffs' Amended Complaint to June 10, 2024, but also sets prompt, reasonable deadlines for other litigation milestones:

| | |
|---|---|
| Defendants' Motions to Dismiss | June 10, 2024 |
| Plaintiffs' Opposition to Motions to Dismiss | July 12, 2024 |
| Defendants' Replies in Support of Motions to Dismiss | August 9, 2024 |
| Plaintiffs' Expert List | March 14, 2025 |
| Defendants' Expert Lists | March 28, 2025 |
| Plaintiffs' Motion for Class Certification | June 5, 2025 |
| Defendants' Opposition to Motion for Class Certification | July 10, 2025 |
| Plaintiffs' Reply in Support of Class Certification | August 7, 2025 |
| Close of Discovery | September 18, 2025 |
| Motions for Summary Judgment and Daubert Motions | September 18, 2025 |
| Opposition to Motions for Summary Judgment and Dauberts | October 16, 2025 |
| Replies in Support of Summary Judgment and Daubert Motions | November 13, 2025 |

As Defendants note, Plaintiffs do intend to add additional defendants in mid-June, after RCRA's 90-day notice period has elapsed as to those new defendants. However, the addition of defendants is not a reason to essentially stay the litigation as to the five Defendants currently in the suit, who were served with RCRA notices in 2023 and put on notice of this action in February 2024. RCRA's notice requirement is intended to give agencies and alleged RCRA violators a "nonadversarial period to achieve compliance with RCRA regulations." *Halstrom v. Tillamook Cnty.*, 493 U.S. 20, 32 (1989). That purpose has been satisfied as to the five current

Defendants; there is no reason the suit cannot move forward as to them while the RCRA notice period runs as to other defendants.

Further, adding new defendants will not affect the allegations against the current Defendants. And new defendants will likely request 60 days to respond to a Second Amended Complaint, which would push response deadlines into August 2024—six months after the operative complaint was filed against the current Defendants.[1]

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Joint Motion for Extension of Time, or set a full case schedule, and grant Plaintiffs' request for a status conference.

DATED:  May 1, 2024

Respectfully submitted,

By /s/ *Steve W. Berman*
Steve W. Berman (*pro hac vice*)
Meredith S. Simons (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98134
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
merediths@hbsslaw.com

Abigail D. Pershing (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
abigailp@hbsslaw.com

---

[1] However, new defendants may not need 60 days to respond to the Second Amended Complaint. They may be able to adopt much or all of the current Defendants' briefing, as all defendants will face substantially the same claims.

Michael A. Bliven, Oregon State Bar No. 942510
BLIVEN LAW FIRM, PC
704 S. Main
Kalispell, MT 59901
Telephone: (406) 755-6828
Facsimile: (406) 755-6829
mike@blivenlawfirm.com

Robert F. Dwyer, III, Oregon State Bar No. 984197
BLIVEN LAW FIRM, PC
202 North Main Street, Suite 1
Boardman OR 97818
Telephone: (406) 755-6828
Facsimile: (406) 755-6829
rdwyer@blivenlawfirm.com

John Heenan (*pro hac vice*)
HEENAN & COOK
1631 Zimmerman Trail
Billings, MT 59102
Telephone: (406) 839-9091
Facsimile: (406) 839-9092
john@lawmontana.com

*Attorneys for Plaintiffs and the Proposed Class*