UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| MICHAEL PEARSON, JAMES SUTER, SILVIA SUTER, and JEANNIE STRANGE, on behalf of themselves and all others similarly situated, | Case No. 2:24-cv-00362-HL |
| Plaintiffs, | **[PROPOSED] PROTECTIVE ORDER** |
| v. | The Honorable Andrew D. Hallman |
| PORT OF MORROW, LAMB WESTON HOLDINGS, INC., MADISON RANCHES, INC., THREEMILE CANYON FARMS, LLC, BEEF NORTHWEST FEEDERS, LLC, and JOHN DOES 1-10, | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Procedure, Plaintiffs Michael Pearson, James Suter, Silvia Suter, and Jeannie Strange ("Plaintiffs"), and Defendants Port of Morrow, Lamb Weston Holdings, Inc., Madison Ranches, Inc., Threemile Canyon Farms, LLC, and Beef Northwest Feeders, LLC ("Defendants"), hereby agree that the following protective order shall govern the use of confidential information in this case:

## 1.    **PURPOSE**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, including but not limited to personally identifiable information, trade secrets, and competitively or commercially sensitive information. Accordingly, Plaintiffs Michael Pearson, James Suter, Silvia Suter, and Jeannie Strange ("Plaintiffs"), and Defendants Port of Morrow, Lamb Weston Holdings, Inc., Madison Ranches, Inc., Threemile Canyon Farms, LLC, and Beef Northwest Feeders, LLC ("Defendants"), hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

## 2.    **DEFINITIONS**

2.1    <u>Challenging Party:</u> a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items:</u> information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or information protected under other applicable laws or regulations, including privacy or data protection laws, or information that if disclosed would be detrimental to the conduct of that Designating Party's business or the business of any of the Designating Party's customers or clients.

[PROPOSED] PROTECTIVE ORDER - 1 -

2.3    <u>Counsel (without qualifier):</u> Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designated House Counsel:</u> House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    <u>Designating Party:</u> a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, pleadings, written discovery, testimony, transcripts, exhibits, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:</u> extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or Non-Party would create a substantial risk of serious competitive or business harm that could not be avoided by less restrictive means.

2.9    <u>House Counsel:</u> attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

[PROPOSED] PROTECTIVE ORDER - 2 -

2.11    <u>Outside Counsel of Record:</u> attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    <u>Party:</u> any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    <u>Professional Vendors:</u> persons or entities that provide litigation support or eDiscovery document processing and hosting services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, hosting, processing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, abstracts, notes excerpts, summaries, or compilations that are derived from Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a

Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent that it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified (i.e., the designation of Protected Material that the Designating Party does not have a good-faith basis to believe qualifies for such designation) or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (e.g., the second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, including slip sheets for documents produced in native form, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. In the instance where native files are being produced, the Designating Party may embed the confidentiality designation of Protected Material produced in native form into the file name of the document being produced and may also identify the protected material in any transmission or communication accompanying the production. If a native file is printed for use at a deposition, the printed version shall include the designation provided with the

native production. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must make good faith efforts to clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and shall specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must make good faith efforts to clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)    for Protected Material testimony given in deposition, a Designating Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Protected Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or (b)

notifying the reporter and all counsel of record, in writing, within 30 days after the receipt of the final transcript of the deposition, of the specific pages and lines of the transcript (and if applicable, exhibits) that are to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript (and if applicable, exhibits) in their possession or under their control as directed by the Designating Party or the Designating Party's counsel. When it is impracticable to identify separately each portion of testimony that is entitled to protection, the Designating Party may designate the entire transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." During the 30-day period following receipt of the final transcript, all Parties will treat the entire deposition transcript and corresponding exhibits as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the expiration of that period, the transcript shall be treated only as actually designated.

A Party shall give the other Parties notice if it reasonably expects a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected

Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential or Highly Confidential information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Discovery Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

(c)     <u>for information produced in some form other than documentary and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or identify the protected material in any transmission or communication accompanying the production. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate.</u> The inadvertent failure by a Producing Party to designate material with the correct confidentiality designation shall not waive any such designation. If at any time before the trial of this action a Producing Party realizes that it should have designated as Protected Material some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing, and, promptly after providing such notice, producing re-labeled copies of the material to each Receiving Party reflecting the change in designation. Thereafter, this

Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential information and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation and informing such persons that they should not further use or disseminate the information thereon.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge and, where applicable, providing specific Bates numbers for each document it is challenging. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the

[PROPOSED] PROTECTIVE ORDER - 9 -

chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, they shall follow Magistrate Judge Andrew D. Hallman's procedures for discovery disputes, i.e., they shall jointly email Judge Hallman's courtroom deputy and participate in a telephonic hearing regarding the challenged designation, or, if the matter is no longer before Magistrate Judge Hallman, they shall follow such other procedures as may be required by any other judge assigned to this case.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Any person or entity authorized to have access to Protected Material shall exercise the same degree of care with regard to the storage, custody, and/or use of such Protected Material as it would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable and appropriate precautions to prevent Protected Material from any unauthorized loss, access, disclosure, exfiltration, alteration, modification, and destruction. Protected Material must be stored and maintained by a Receiving Party in a secure manner and location that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose, including by providing remote electronic access through the Receiving Party's Outside Counsel so long as the appropriate data security safeguards are implemented to otherwise comply with this Order, any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have been advised by such Outside Counsel of their obligations hereunder;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    mock jurors who have signed an undertaking, the content of which shall be agreed upon by the Parties;

(g)    during his or her deposition, a witness in the action to whom disclosure is reasonably necessary and: (i) who has signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A; or (ii) who has been advised on the record that the information or item is subject to a protective order and cannot be disclosed, and who also is an author or recipient of the information or item, or a custodian or other person who otherwise possessed or knew the information, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose, including by providing remote electronic access through the Receiving Party's Outside Counsel so long as the appropriate data security safeguards are implemented to otherwise comply with this Order, any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as

employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have been advised by such Outside Counsel of their obligations hereunder;

      (b)    Designated House Counsel of the Receiving Party (i) who have no involvement in competitive decision-making, (ii) to whom disclosure is reasonably necessary for this litigation, (iii) who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and (iv) as to whom the Designating Party has agreed in writing.

      (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one;

      (d)    the Court and its personnel;

      (e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (f)    mock jurors who have signed an undertaking, the content of which shall be agreed upon by the Parties; and

      (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    **<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>**
       **<u>OTHER LITIGATION</u>**

If a Receiving Party is served with a subpoena or a court order issued in other litigation or an investigatory matter that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation or investigatory matter that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, including from a security/data breach incident (defined as unauthorized or unintended access, disclosure, or loss of data, including from events such as malicious incursions, hacking, ransomware, malware, and denial-of-service attacks), the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. In the event of a security/data breach incident, the Receiving Party agrees to take reasonable and prompt steps to investigate and remediate the effects of the breach, and cooperate with the Designating Party as appropriate, including providing sufficient information to allow the Designating Party to ascertain the size, scope, and adequacy of resolution of such breach as it pertains to this case. Any information so provided shall be deemed Highly Confidential – Attorneys' Eyes Only.

11. **LARGE LANGUAGE MODELS / GENERATIVE AI TOOLS**

Absent notice to and permission from the Producing Party, any person or entity authorized to have access to Discovery Materials under the terms of this Order shall not use or employ any application, service, or analytical software that will transfer, transmit, send, or allow any external access to those Materials (in whole or in part) unless such application, service or analytical

software is fully containerized (i.e., does not transmit any information to any external system or network for the purpose of analysis, use, or the generation of text outputs in response to queries, has the ability to track all information in the system (including access), and does not otherwise allow access to information by unauthorized persons). For the avoidance of doubt, this restriction expressly applies to the use of public versions of advanced large language models, "generative" AI tools, and other advanced AI systems, including but not limited to OpenAI GPT, ChatGPT3/4 *et seq.*, Google Bard, Meta LLAMA, MidJourney, DALL-E, and Stable Diffusion.

## 12.  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

12.1.    The production, whether inadvertent or otherwise, of any Discovery Material that a Party or Non-Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work-product doctrine ("Privileged Discovery Material"), will not be deemed to have waived any privilege for the Privileged Discovery Material in this matter or any other federal or state proceeding. If any Producing Party learns that its Discovery Material has been produced, it must promptly notify the Receiving Parties in writing. If the Producing Party notifies the Receiving Party that Discovery Materials have been produced, the Receiving Party shall promptly destroy or return the Privileged Discovery Material (and all paper and electronic copies) to the Producing Party. The Receiving Party shall delete the Privileged Discovery Material from any systems used to house the documents, including document review databases, e-rooms, and any other location that stores the documents. Within ten (10) days of the aforementioned deletion or return of Privileged Discovery Material, the Producing Party shall provide the Receiving Party with a privilege log regarding the Privileged Discovery Material. The privilege log will contain the basis for the privilege, a subject

matter description, date, author, and addresses for the recipients. The Receiving Party may move the Court for an order compelling production of the Privileged Discovery Material, which shall be filed under seal. The Receiving Party may make no use of the Privileged Discovery Material during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and other applicable laws and regulations.

12.2.    Nothing herein is intended to shift the burden imposed by law, in the event of a challenge by any Receiving Party, of establishing the privileged or protected nature of any privileged or protected information.

12.3.    Nothing herein is intended to or shall serve to limit any Producing Party's rights to conduct a review of documents or ESI (including metadata) for relevance, responsiveness, and/or privilege or protection from discovery before production.

## 13.    <u>MISCELLANEOUS</u>

13.1    <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.  **<u>FINAL DISPOSITION</u>**

Within sixty (60) days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.  **<u>FILING PROTECTED MATERIAL</u>**

If portions of documents or other materials deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7.2 OF THE PROTECTIVE ORDER.

or

ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN SECTION 7.3 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the Designating Party does not file, within ten (10) calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by Counsel and marked in the same manner as described in paragraph 15 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED**

Dated: _____          _____

                                                    THE HON. ANDREW D. HALLMAN
                                                    United States Magistrate Judge


DATED:   July 31, 2024               Respectfully submitted,

                                                    */s/Steve W. Berman*
                                                    _____
                                                    Steve W. Berman (*pro hac vice*)
                                                    Meredith S. Simons (*pro hac vice*)
                                                    HAGENS BERMAN SOBOL SHAPIRO LLP
                                                    1301 Second Avenue, Suite 2000
                                                    Seattle, WA 98134
                                                    Telephone: (206) 623-7292
                                                    Facsimile:  (206) 623-0594
                                                    steve@hbsslaw.com
                                                    merediths@hbsslaw.com

                                                    Abigail D. Pershing (*pro hac vice*)
                                                    HAGENS BERMAN SOBOL SHAPIRO LLP
                                                    301 North Lake Avenue, Suite 920
                                                    Pasadena, CA 91101
                                                    Telephone: (213) 330-7150
                                                    abigailp@hbsslaw.com

                                                    Michael A. Bliven, Oregon State Bar No. 942510
                                                    BLIVEN LAW FIRM, PC
                                                    704 S. Main
                                                    Kalispell, MT 59901
                                                    Telephone: (406) 755-6828
                                                    Facsimile:  (406) 755-6829
                                                    mike@blivenlawfirm.com

                                                    Robert F. Dwyer, III, Oregon State Bar No. 984197
                                                    BLIVEN LAW FIRM, PC
                                                    202 North Main Street, Suite 1
                                                    Boardman OR 97818
                                                    Telephone: (406) 755-6828
                                                    Facsimile: (406) 755-6829
                                                    rdwyer@blivenlawfirm.com

                                                    John Heenan (*pro hac vice*)
                                                    HEENAN & COOK
                                                    1631 Zimmerman Trail
                                                    Billings, MT 59102
                                                    Telephone: (406) 839-9091
                                                    Facsimile:  (406) 839-9092
                                                    john@lawmontana.com

                                                    *Attorneys for Plaintiffs and the Proposed Class*

BUTLER SNOW LLP

*/s/Kyle V. Miller*
Kyle V. Miller, *Admitted pro hac vice*
kyle.miller@butlersnow.com
James H. Bolin, *Admitted pro hac vice*
jay.bolin@butlersnow.com
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
Telephone: (601) 948-5711

Jennifer L. Gates, OSB No. 050578
jgates@pearllegalgroup.com
Pearl Legal Group, PC
529 SW Third Ave., Suite 600
Portland, OR 97204
Telephone: (971) 808-5666

Jeffrey C Misley, OSB No. 850674
jmisley@sussmanshank.com
Steven Cade, OSB No. 106466
scade@sussmanshank.com
Tab Wood, OSB No. 115604
twood@sussmanshank.com
1000 SW Broadway Ste 1400
Portland OR 97205
Telephone: (503) 227-1111

*Attorneys for Defendant Madison Ranches, Inc.*

WINSTON & STRAWN LLP

*/s/Eric White*
Eric White, *Admitted pro hac vice*
ewhite@winston.com
Winston & Strawn
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-3472

Amanda Groves, *Admitted pro hac vice*
agroves@winston.com
Winston & Strawn
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1851

[PROPOSED] PROTECTIVE ORDER - 23 -

Drew Washington, *Admitted pro hac vice*
dwashington@winston.com
Winston & Strawn
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1475

Bruno Jagelski, OSB No. 903049
bjagelski@yturrirose.com
Yturri Rose, LLP
89 S.W. 3rd Avenue
PO Box S
Ontario OR 97914
Telephone: (541) 889-5368

*Attorneys for Defendant Lamb Weston Holdings, Inc.*

STOEL RIVES LLP

*/s/Amy Edwards*
Amy Edwards, OSB No. 012492
amy.edwards@stoel.com
Misha Isaak, OSB No. 086430
misha.isaak@stoel.com
Ariel Stavitsky, OSB No. 175907
ariel.stavitsky@stoel.com
Telephone: (503) 224-3380

*Attorneys for Defendants Port of Morrow and Threemile Canyon Farms, LLC*

DAVIS WRIGHT TREMAINE LLP

*/s/Kevin H. Kono*
Kevin H. Kono, OSB #023528
kevinkono@dwt.com
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon 97205-2771
Telephone: (503) 241-2300

David Ubaldi, *Admitted Pro Hac Vice*
davidubaldi@dwt.com
M. Scott Broadwell, *Admitted Pro Hac Vice*
scottbroadwell@dwt.com
929 108th Avenue
Bellevue, Washington 98004
Telephone: (425) 646-6100

*Attorneys for Defendant Beef Northwest Feeders, LLC*

Pursuant to Local Rule 11-1(b)(2), I attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing content and have authorized this filing.

DATED: July 31, 2024                    */s/ Steve W. Berman*
                                        Steve W. Berman

**EXHIBIT A**

**Acknowledgment and Agreement to Be Bound**

I, _____, have been advised by counsel of record for

_____ in _____ of the Protective

Order governing the delivery, publication, and disclosure of confidential documents and

information produced in this litigation. I have read a copy of the Protective Order and agree to

abide by its terms.

_____
Signed

_____
Printed Name

_____
Date