UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| MICHAEL PEARSON, JAMES SUTER, SILVIA SUTER, and JEANNIE STRANGE, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>PORT OF MORROW, LAMB WESTON HOLDINGS, INC., MADISON RANCHES, INC., THREEMILE CANYON FARMS, LLC, BEEF NORTHWEST FEEDERS, LLC, and JOHN DOES 1-10,<br><br>   Defendants. | Case No. 2:24-cv-00362-HL<br><br>**ESI PROTOCOL ORDER**<br><br>The Honorable Andrew D. Hallman |

Pursuant to Rule 26(f) of the Federal Rules of Procedure and Local Rule 26-1, Plaintiffs Michael Pearson, James Suter, Silvia Suter, and Jeannie Strange ("Plaintiffs"), and Defendants Port of Morrow, Lamb Weston Holdings, Inc., Madison Ranches, Inc., Threemile Canyon Farms, LLC, and Beef Northwest Feeders, LLC ("Defendants") hereby agree that the following procedures shall govern discovery of Electronically Stored Information ("ESI") in this case:

**1.     COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**2.     SEARCH METHODOLOGY**

Following receipt of a request for production of documents, the parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, and data sources (including custodians). The parties shall continue to cooperate in revising the appropriateness of the search methodology as necessary.

**3.     FORMAT FOR PRODUCTION OF DOCUMENTS**

A.     Except as otherwise provided for in this ESI Protocol, all documents existing in electronic format shall be produced in accordance with the following specifications:

(a)     Documents existing in electronic format shall be produced to the requesting party as single page group IV TIFF image files in at least 300 dpi for black and white images, or in .JPG for images produced in color pursuant to the workflow described in Paragraph I below.

(b)     Each document image file shall be named with a unique number ("Bates Number"). Documents produced in native format shall be assigned a Bates Number and be

produced with a corresponding load file. File names shall not be more than twenty (20) characters long or contain spaces.

(c) If a document is more than one page, the physical unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

(d) The full text of each document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (e.g., the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension). All text files shall be provided as a single text file for each document, not one text file per page.

B. **Native Files.** Unless otherwise agreed to by the parties, files that are not easily converted to image format, including, but not limited to, spreadsheet, database, audio, video, and drawing files (to the extent such files are identified via a reasonable search and diligent inquiry and are deemed response and not privileged), shall be produced in native format. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced. In addition, native files shall be produced using a filename that bears the production number for that native file. Any DAT file shall include a path to the native file. If a party prints (whether in hard copy or to PDF or other electronic image) documents, or portions thereof, that are produced in native format, the party shall mark any such printout with a footer containing (1) the document's Bates Number and (2) and confidentiality designation assigned by the producing party to the document.

C. **De-duplication.** The producing party may de-duplicate its ESI production across custodial and non-custodial data sources, and the duplicate custodian information removed during the de-duplication process shall be tracked in a custodian field in the database load file.

D. **Email Threading.** The parties may use analytics technology to identify email threads and need only produce the unique, most-inclusive copy and related family members and may exclude lesser-inclusive copies. Upon reasonable request, the producing party shall produce a lesser-inclusive copy or missing metadata if, for example, a threaded email cuts off to/from/cc/subject line/date information. An email is not a lesser-inclusive copy if it contains any attachments not included in subsequent emails within the same thread.

E. **Metadata.** To the extent they are reasonably available, load files shall include, where applicable, the fields listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

F. **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The parties may meet and confer regarding whether such databases must be produced and the appropriate format for productions from dynamic databases, including as to whether the data may be produced in an alternate form, such as a report, data table, or other static format.

G. **Hardcopy or Paper Documents.** If the parties elect to produce hard copy documents in an electronic format, the production of hard copy documents shall include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location

associated with each produced document. Hard copy documents shall be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file shall be named with a unique Bates Number (e.g., the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

       H.    **Parent and Child Emails.** Parent-child relationships shall be maintained in a production. The parties shall produce email attachments sequentially after the parent email. Entire document families must be produced, even if only the parent email or an attachment to an email is responsive, except (1) junk files and non-user-created content routinely excluded during processing, and (2) where one or more family members are withheld on the basis of attorney-client privilege or work-product protection.

       I.    **Requests for Hi-Resolution or Color Documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this ESI Protocol shall preclude a producing party from objecting to such requests as unreasonable in number, timing, or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties shall meet and confer in good faith to try to resolve it.

       J.    **Production Media.** Unless otherwise agreed, the parties shall provide document productions in the following manner: All documents produced pursuant to any discovery request

shall be served by SFTP or other similar secure electronic delivery method on the day of the production. Document productions served on parties shall not be provided on secure physical media (e.g., CDs, DVDs, external hard drives, or flash drives) unless electronic service is impracticable. If the producing party chooses to make a document production via secure physical media, such production shall be served via courier or overnight mail. The requesting party may select the location and attorney to which the producing party is to send its production. A cover letter disclosing the Bates range(s) of documents being produced shall accompany the production and shall be transmitted via electronic mail at the time the production is served.

  K. **Foreign Language Documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced (whether or not the translation is prepared for purposes of litigation), the producing party shall produce the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

  L. If a particular document warrants a different production format, the parties shall cooperate in good faith to arrange for a mutually acceptable production format, on a case-by-case basis.

**4.** **<u>DOCUMENT PRESERVATION</u>**

  The parties have discussed their preservation obligations and needs and agree that preservation of relevant ESI shall be consistent with their obligations set forth in Rule 26 of the

Federal Rules of Civil Procedure. The parties represent that they have issued litigation hold notices to individuals whom they reasonably believe to possess relevant documents. To the extent required, the parties represent that they have taken reasonable and proportionate steps to suspend or modify regular or automatic policies or practices that would result in the loss of relevant documents. The parties shall have a continuing obligation to take reasonable and proportionate steps to identify sources of relevant documents and preserve such documents.

5.     **PRIVILEGE**

The parties agree to abide by Rule 26(b)(5) of the Federal Rules of Civil Procedure with respect to documents fully withheld from production on the basis of a privilege or other protection, unless otherwise agreed to or excepted by this ESI Protocol. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log shall be generated using available metadata, including author/recipient or to/from/cc/bcc names; subject matter or title; and date created. However, metadata that reveals information that is privileged and/or protected shall be redacted from the log. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Unless otherwise agreed to by the parties, privilege logs shall be produced no later than 60 days after the deadline for substantial completion of document productions. To the extent a party produces documents after the deadline for substantial completion, and withholds from such production any documents on the basis of privilege, that party shall provide a supplemental privilege log within 30 days of the production. A document initially included on a privilege log may be produced after the close of fact discovery,

either by agreement or when the basis for the privilege asserted has been successfully challenged by another party.

Redactions need not be logged so long as the basis for the redaction is evident from the unredacted portions of the redacted document being produced. A receiving party may request that the basis for a redaction be provided, whereupon the producing party shall supply information sufficient to evaluate the privilege asserted. Such information shall be provided within fourteen (14) days of the request, or on the deadline for producing privilege logs under this ESI Protocol, whichever is later.

With respect to privileged or work-product information involving outside litigation counsel in this action and generated after the filing of the complaint or (if appliable) after the date of receipt of a pre-litigation notice of tort claims in connection with this matter (whichever is earlier), the parties are not required to include any such information in privilege logs. In addition, documents not responsive to the requesting party's substantive document requests need not be included on a privilege log.

Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Rule 26(b)(3)(A) and (B) of the Federal Rules of Civil Procedure.

Pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of a privileged or work-product-protected document in this case as part of a production is not itself a waiver. Nothing in this ESI Protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product

doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover, nothing in this ESI Protocol shall be interpreted to require disclosure of information subject to privacy protections as set forth in any applicable data protection or privacy law or regulation, including information that may need to be produced from outside the United States and/or may be subject to foreign laws.

6. **<u>NON-PARTY DISCOVERY</u>**

A party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this ESI Protocol with the subpoena.

The Issuing Party shall be responsible for timely producing any documents obtained under a subpoena to all other parties and shall make good faith efforts to ensure non-party compliance with the production specification requirements outlined in this ESI Protocol, including endorsement of non-party productions with unique prefixes and Bates Numbers.

If, despite these good faith efforts, a non-party production is not Bates-stamped, the Issuing Party shall endorse the non-party production with unique prefixes and Bates Numbers prior to producing them to all other parties. If Bates-stamping non-party productions at a page level presents an undue burden or cost for the Issuing Party, the parties shall meet and confer to discuss appropriate resolution.

7. **<u>LIMITATIONS AND NON-WAIVER</u>**

Pursuant to the terms of this ESI Protocol, information regarding search process and ESI practices may be disclosed, but compliance with this ESI Protocol does not constitute a waiver, by any party, of any objection to the production of particular ESI for any reason, including that it is

irrelevant, undiscoverable, or otherwise inadmissible, unduly burdensome or not reasonably accessible, or privileged, nor does it constitute a waiver of any right to discovery by any party.

No party shall argue that disclosure of any search process or ESI practice constitutes a waiver of the attorney-client privilege or the attorney work-product doctrine. The parties expressly reserve all privileges and do not intend to waive any privilege by entering into or complying with this ESI Protocol.

Nothing in this ESI protocol shall be construed to affect the discoverability of information or the admissibility of discoverable information.

Nor shall anything in this ESI Protocol be construed to affect the authenticity of any document or data.

**8.     MODIFICATION**

This ESI Protocol may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

The Court has reviewed this ESI Protocol and finds that there is good cause to order the parties to conform their productions of ESI to this ESI Protocol. Accordingly, the Court adopts the above ESI Protocol in this action.

**IT IS SO ORDERED**

Dated: 8/1/2024                                      s/ Andrew D. Hallman
                                                                THE HON. ANDREW D. HALLMAN
                                                                    United States Magistrate Judge

DATED: July 31, 2024                    Respectfully submitted,

By: */s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
Meredith S. Simons (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98134
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
merediths@hbsslaw.com

Abigail D. Pershing (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
abigailp@hbsslaw.com

Michael A. Bliven
Oregon State Bar No. 942510
BLIVEN LAW FIRM, PC
704 S. Main
Kalispell, MT 59901
Telephone: (406) 755-6828
Facsimile: (406) 755-6829
mike@blivenlawfirm.com

Robert F. Dwyer, III
Oregon State Bar No. 984197
BLIVEN LAW FIRM, PC
202 North Main Street, Suite 1
Boardman OR 97818
Telephone: (406) 755-6828
Facsimile: (406) 755-6829
rdwyer@blivenlawfirm.com

John Heenan (*pro hac vice*)
HEENAN & COOK
1631 Zimmerman Trail
Billings, MT 59102
Telephone: (406) 839-9091
Facsimile: (406) 839-9092
john@lawmontana.com

*Attorneys for Plaintiffs and the Proposed Class*


BUTLER SNOW LLP


*/s/ Kyle V. Miller*
Kyle V. Miller (admitted *pro hac vice*)
kyle.miller@butlersnow.com
James H. Bolin (admitted *pro hac vice*)
jay.bolin@butlersnow.com
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
Telephone: (601) 948-5711

Jennifer L. Gates, OSB No. 050578
jgates@pearllegalgroup.com
Pearl Legal Group, PC
529 SW Third Ave., Suite 600
Portland, OR 97204
Telephone: (971) 808-5666

Jeffrey C Misley, OSB No. 850674
jmisley@sussmanshank.com
Steven Cade, OSB No. 106466
scade@sussmanshank.com
Tab Wood, OSB No. 115604
twood@sussmanshank.com
1000 SW Broadway Ste 1400
Portland OR 97205
Telephone: (503) 227-1111

*Attorneys for Defendant Madison Ranches, Inc.*

WINSTON & STRAWN LLP

*/s/ Eric White*
Eric White (admitted *pro hac vice*)
ewhite@winston.com
Winston & Strawn
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-3472

Amanda Groves (admitted *pro hac vice*)
agroves@winston.com
Winston & Strawn
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1851

Drew Washington (admitted *pro hac vice*)
dwashington@winston.com
Winston & Strawn
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1475

Bruno Jagelski, OSB No. 903049
bjagelski@yturrirose.com
Yturri Rose, LLP
89 S.W. 3rd Avenue
PO Box S
Ontario OR 97914
Telephone: (541) 889-5368

*Attorneys for Defendant Lamb Weston Holdings, Inc.*

STOEL RIVES LLP

*/s/ Amy Edwards*
Amy Edwards, OSB No. 012492
amy.edwards@stoel.com
Misha Isaak, OSB No. 086430
misha.isaak@stoel.com
Ariel Stavitsky, OSB No. 175907
ariel.stavitsky@stoel.com
Telephone: (503) 224-3380

*Attorneys for Defendants Port of Morrow and Threemile Canyon Farms, LLC*

DAVIS WRIGHT TREMAINE LLP

*/s/ Kevin H. Kono*
Kevin H. Kono, OSB #023528
kevinkono@dwt.com
560 S.W. Tenth Avenue, Suite 700
Portland, Oregon 97205-2771
Telephone: (503) 241-2300

David Ubaldi (admitted *pro hac vice*)
davidubaldi@dwt.com
M. Scott Broadwell (admitted *pro hac vice*)
scottbroadwell@dwt.com
929 108th Avenue
Bellevue, Washington 98004
Telephone: (425) 646-6100

*Attorneys for Defendant Beef Northwest Feeders, LLC*

Pursuant to Local Rule 11-1(b)(2), I attest that the other signatory listed, and on whose behalf this filing is submitted, concurs in the filing content and has authorized this filing.

DATED: August 1, 2024				*/s/	Steve W. Berman*
						Steve W. Berman

# EXHIBIT A

# TABLE OF METADATA FIELDS

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates Number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document. |
| EndDoc | Unique ID (Bates Number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates Number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates Number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The total number of pages for an email. | The total number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| Author | Author Display Name (email) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| From | From | Paragraph | The display name of the sender of an email. | |
| CC | CC | Paragraph | The display name of the copyee(s) of an email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata unless it reveals privileged information. |
| FileExtension | | | | Original file extension at the point of collection unless it reveals privileged information. |
| FileName | | | | Original file name at the point of collection unless it reveals privileged information. |
| File Size | | | Size of application file email in KB. | Size of application file attachment or loose file in KB. |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| Confidentiality | | | Confidentiality level if assigned pursuant to any applicable Protective Order or stipulation. | Confidentiality level if assigned pursuant to any applicable Protective Order or stipulation. |
| Redacted | | | Indicates whether a document contains redactions. | Indicates whether a document contains redactions. |
| MD5 Hash | | MD5 Hash | Unique MD5 Hash for email. | Unique MD5 Hash for document. |
| SHA Hash | | | If applicable (i.e., if an SHA hash value is used for any purpose during processing). | If applicable (i.e., if an SHA hash value is used for any purpose during processing). |
| NativeLink | | Paragraph | Native file link (native files only). | |
| TextLink | | Paragraph | Link to the associated text file (extracted text or OCR text). | Link to the associated text file (extracted text or OCR text). |
| ProdVol | Production Volume | | Identifies production media deliverable. | Identifies production media deliverable. |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| All Custodians | All Custodians | Paragraph | All production custodians (including custodians for deduplicated records) associated with the produced document; multiple custodians in the "Custodian" field shall be separated by a semicolon | All production custodians (including custodians for deduplicated records) associated with the produced document; multiple custodians in the "Custodian" field shall be separated by a semicolon |
| All Paths | All Paths | Paragraph | Full folder path for within a mail store (if NSF or PST). This field may include paths for deduplicated records associated with the produced document; multiple paths in the "All Paths" field shall be separated by a semicolon. | Full folder path to source files (e-docs or loose e-mail). This field may include paths for deduplicated records associated with the produced document; multiple paths in the "All Paths" field shall be separated by a semicolon. |