Steve W. Berman (*pro hac vice*)
Meredith S. Simons (*pro hac vice*)
steve@hbsslaw.com
merediths@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98134
(206) 623-7292

Abigail D. Pershing (*pro hac vice*)
abigailp@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO, LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
(213) 330-7150

Michael A. Bliven (OR Bar No. 942510)
mike@blivenlawfirm.com
BLIVEN LAW FIRM, PC
704 S. Main
Kalispell, MT 59901
(406) 755-6828

Robert F. Dwyer, III (OR Bar No. 984197)
rdwyer@blivenlawfirm.com
BLIVEN LAW FIRM, PC
202 North Main Street, Suite 1
Boardman, OR 97818
(406) 75-6828

John Heenan (*pro hac vice*)
john@lawmontana.com
HEENAN & COOK, PLLC
1631 Zimmerman Trail
Billings, MT, 59102
(406) 839-9091

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

| | |
|---|---|
| MICHAEL PEARSON, JAMES SUTER, SILVIA SUTER, and JEANNIE STRANGE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PORT OF MORROW, LAMB WESTON HOLDINGS, INC., MADISON RANCHES, INC., THREEMILE CANYON FARMS, LLC, BEEF NORTHWEST FEEDERS, LLC, and JOHN DOES 1 – 10, <br><br> Defendants. | Case No.: 2:24-cv-00362-HL <br><br> **PLAINTIFFS' RESPONSE TO LAMB WESTON'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION** |

## I.     INTRODUCTION

Defendant Lamb Weston impermissibly asks the Court take judicial notice of five documents full of new evidence, all created by Lamb Weston itself or a hired consultant, which it uses to support its Objections to Magistrate Judge Hallman's Findings and Recommendation. Request for Judicial Notice in Support of Defendant Lamb Weston Holdings, Inc.'s Objections to Magistrate Judge's Findings and Recommendation, ECF No. 105. These five documents, totaling hundreds of pages, were not presented to Magistrate Judge Hallman for consideration before he issued his Findings and Recommendation. Nevertheless, Lamb Weston argues that this Court should take judicial notice of the documents because they are "records or reports of the Oregon Department of Environmental Quality." ECF No. 105. But merely filing a report with a government agency, particularly where the author is an interested party rather than an independent government authority, is not a ground for judicial notice. Furthermore, the content of these documents is subject to different interpretations and is highly disputed. Judicial notice is not appropriate in this context. Plaintiffs respectfully request that the Court deny Lamb Weston's request for judicial notice of these documents.

## II.     LEGAL STANDARD

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A limited exception permits courts to notice an adjudicative fact that is not subject to reasonable dispute. Fed. R. Evid. 201; *Khoja v. Orexigen Therapeutics, Inc.* (9th Cir. 2018), 899 F.3d 988, 999.

A fact is "adjudicative" only if it is material to "the immediate parties—who did what, where, when, how, and with what motive or intent." *Port of Portland v. Monsanto Co.*, 2017 WL 9098079, at *8 (D. Or. Apr. 18, 2017) (quoting Fed. R. Evid. 201(a) advisory committee's note);

*see also Valdivia v. Schwarzenegger*, 599 F.3d 984, 994 (9th Cir. 2010) (adjudicative facts are "simply the facts of the particular case") (quoting Fed. R. Evid. 201(a) advisory committee's note). An adjudicative fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

The Ninth Circuit has warned that "defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage." *Khoja,* 899 F.3d at 998. But "[t]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id*. "Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint." *Id*. at 1003.

### III.    MEMORANDUM OF POINTS AND AUTHORITIES

Lamb Weston's Request for Judicial Notice asks the Court to take judicial notice of five documents comprised of more than 350 pages, but it does not identify which fact or facts it is asking the Court to judicially notice. ECF No. 105. Therefore, the Court may construe these exhibits as a request for notice of "a number of whole documents." *Cmty. Ass'n for Restoration of the Env't v. Wash. Dairy Holdings Ltd. Liab. Co.*, 2019 WL 13117758, at *4 (E.D. Wash Oct. 24, 2019). Lamb Weston nevertheless references specific facts contained within the documents in its objections to the Magistrate Judge's Findings and Recommendation. ECF No. 104 at 8–10, 25. The Court should decline to take judicial notice of the contents of the documents because the asserted facts are disputed. *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018).

Of the five documents presented by Lamb Weston, four are documents created by Integral Consultation, Inc., a private consulting company hired by Lamb Weston. ECF Nos. 106-1-4, Exs.

A–D. The final document is a letter from DEQ to Lamb Weston attaching a "Compliance Plan" that was generated by Lamb Weston and submitted to DEQ. ECF No. 106-5, Ex. E. The authorship of these documents by a party to the case (or done at the request of a party to the case) distinguishes them from documents in other cases, drafted by government entities, where courts have taken judicial notice. For example, the study judicially noticed in *United States v. 14.02 Acres of Land More or Less in Fresno County,* 547 F.3d 943, 955 (9th Cir. 2008), was conducted by the Department of Energy. The certificate of public convenience and necessity judicially noticed in *Interstate National Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953), was issued by the Federal Power Commission. Unlike these government agencies, Lamb Weston and its paid consultant are not sources "whose accuracy cannot reasonably be questioned," and the consultant's records do not contain facts that can be "accurately and readily determined." *Id*. In fact, Lamb Weston acknowledges that Exhibits B-D require revision, which is ongoing. ECF No. 104 at 32. Thus, the facts in those reports are neither adjudicative facts nor the records or reports of an administrative body. Fed. R. Evid. 201 (b)(1)-(2).

Lamb Weston argues that its submission of its consultant's reports and Compliance Plan to the DEQ makes the documents judicially noticeable as "public records." However, the reports of a defendant's consultant are not immune to reasonable dispute simply because defendant filed them with a government entity. Courts "cannot take judicial notice of disputed facts contained in . . . public records." *Ivie v. Mission Rock Residential LLC*, 2022 WL 2612215, at *4 (D. Or. May 27, 2022) (quoting *Khoja*, 899 F.3d at 999). "It is improper to judicially notice a public record when the substance of the record is subject to varying interpretations, and there is a reasonable dispute as to what the record establishes," because "in that scenario, there is no fact established by the record not subject to reasonable dispute." *Id.* (quoting *Kohja*, 899 F.3d at 1000) (cleaned up);

*see also Medeiros v. Akahi Servs., Inc.*, 2018 WL 2449189, at \*2 (D. Haw. May 31, 2018) (noting that "the court may not take judicial notice of a matter of public record in order to consider the truth of the facts recited therein") (quotation omitted).

Lamb Weston cites *Medeiros* for the proposition that a court can take judicial notice of a document created by a party if it is "a record of an administrative body." ECF No. 105 at 2. But there was no objection to the request for judicial notice in *Medeiros*, let alone a dispute over what the facts in the document established. 2018 WL 2449189, at \*2. Similarly, in *Amazing 34, LLC v. Kingsbrook Brokerage Serv., Inc.*, which Lamb Weston also cites, there is no indication that public records were judicially noticed over the objection of a party that disputed the implication of the documents. 2021 WL 4061554, at \*1 (C.D. Cal. Sept. 7, 2021). The documents judicially noticed in *St. Clair v. JPMorgan Chase Bank, N.A.* were publicly recorded or publicly available real estate records including deeds of trust, deeds of sale, and a contract with the Federal Deposit Insurance Corporation (FDIC). 2014 WL 4661956, at \*1 n.1 (E.D. Cal. Sept. 18, 2014). Those documents are fundamentally different than the party-created documents at issue here, whose veracity cannot be confirmed by a trip to the County Recorder's Office or the FDIC's web site. *See id.*

Lamb Weston references several alleged facts from Exhibits A-E in its objections to the Magistrate Judge's Findings & Recommendation, even though none of these documents were part of the record before the Magistrate, arguing that "the DEQ's recent approval [of Lamb Weston's Compliance Plan] gives way to a series of measures from Lamb Weston, including but not limited to improved nitrogen tracking, improved soil sampling, soil moisture monitoring, land application volume control/tracking, and water reduction efforts during non-growing season," and that these measures constitute "remediation efforts." ECF No. 104 at 25–26. Plaintiffs dispute that the measures outlined in Lamb Weston's exhibits constitute true remediation. Instead, these measures

are merely plans to ensure that Lamb Weston complies with its permit, which it should have been doing all along. *See* ECF No. 106-5, Ex. E at 5–6 (describing measures "[t]o ensure applicable agronomic rates are not exceeded," "minimize the potential for exceedances of the applicable agronomic rate," and "improve compliance with schedule A of the permit").

Because the facts in Lamb Weston's proffered exhibits are "subject to varying interpretations" and there "is a reasonable dispute as to what the record[s] establish," the Court should not take judicial notice of the documents or the facts contained therein. *Ivie*, 2022 WL 2612215, at *3-4.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Lamb Weston's request for judicial notice.

DATED: April 7, 2025                                 HAGENS BERMAN SOBOL SHAPIRO LLP

By:     */s/ Steve W. Berman*
       Steve W. Berman (*pro hac vice*)
Meredith S. Simons (*pro hac vice*)
steve@hbsslaw.com
merediths@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98134
(206) 623-7292

Abigail D. Pershing (*pro hac vice*)
abigailp@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO, LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
(213) 330-7150

John Heenan (*pro hac vice*)
john@lawmontana.com
HEENAN & COOK, PLLC
1631 Zimmerman Trail
Billings, MT, 59102
(406) 839-9091

Michael A. Bliven (OR Bar No. 942510)
mike@blivenlawfirm.com
BLIVEN LAW FIRM, PC
704 S. Main
Kalispell, MT 59901
(406) 755-6828

Robert F. Dwyer, III (OR Bar No. 984197)
rdwyer@blivenlawfirm.com
BLIVEN LAW FIRM, PC
202 North Main Street, Suite 1
Boardman, OR 97818
(406) 75-6828

*Attorneys for Plaintiffs and the Proposed Class*