IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL PEARSON**, **ROSA CAVASOS**, **JEFFREY FLEMING**, **JON HALEY**, **JAMES SUTER**, **SILVIA SUTER**, and **JACKIE BLODGETT**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**PORT OF MORROW**; **LAMB WESTON HOLDINGS, INC.**; **MADISON RANCHES, INC.**; **THREEMILE CANYON FARMS, LLC**; **PORTLAND GENERAL ELECTRIC**; and **COLUMBIA RIVER PROCESSING, LLC**,<br><br>Defendants. | Case No. 2:24-cv-362-SI<br><br>**CASE MANAGEMENT ORDER** |

**Michael H. Simon, District Judge.**

After reviewing the parties' written proposals (ECF 143, 148, and 152) and conferring with the parties during a telephonic Rule 16 conference, the Court issues the following Case Management Order:

# I. CASE SCHEDULE

| | | |
|---|---|---|
| 1. | Deadline for Objection to Portland Trial/Pendleton Venire Procedures (see Section IV, *infra*) | March 10, 2026 |
| 2. | Defendants respond to Second Amended Complaint | March 17, 2026 |
| 3. | Discovery commences | March 17, 2026 |
| 4. | Parties to Propose Court Technical Advisor(s) (see Section II, *infra*) | March 24, 2026 |
| 5. | Plaintiffs file opposition to Defendants' motions to dismiss | April 14, 2026 |
| 6. | Defendants file replies in support of motions to dismiss | April 28, 2026 |
| 7. | Deadline for Plaintiffs to join parties or amend pleadings (except for good cause shown) | May 5, 2026 |
| 8. | Plaintiffs move for class certification (with expert reports) | May 12, 2026 |
| 9. | Defendants file opposition to class certification (with expert reports) and file *Daubert* motions | June 2, 2026 |
| 10. | Plaintiffs file rely in support of class certification, respond to *Daubert* motions, and file their own *Daubert* motions | June 23, 2026 |
| 11. | Defendants file response to Plaintiffs' *Daubert* motions | July 7, 2026 |
| 12. | Plaintiffs file reply in support of *Daubert* motions | July 21, 2026 |
| 13. | Production of documents and data substantially complete | July 31, 2026 |
| 14. | Fact-witness depositions complete | September 30, 2026 |
| 15. | Deadline for filing dispositive motions | October 30, 2026 |
| 16. | Deadline for responses to dispositive motions | November 20, 2026 |
| 17. | Deadline for replies in support of dispositive motions | December 7, 2026 |
| 18. | Three-week jury trial commences in Portland (see Section IV, *infra*) | May 3, 2027 |

## II. COURT TECHNICAL ADVISOR

Federal courts have the inherent authority to appoint a technical advisor. *In re Peterson*, 253 U.S. 300, 312 (1920) (holding that federal courts have inherent authority "to appoint persons unconnected with the court to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause"); *see generally Improving Judicial Gatekeeping: Technical Advisors and Scientific Evidence*, 110 HARV. L. REV. 941 (1997).

In *Federal Trade Commission v. Enforma Natural Products, Inc.*, 362 F.3d 1204 (9th Cir. 2004), the Ninth Circuit adopted standards for technical advisors originally proposed by Judge Tashima in his dissent in *Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572 (9th Cir. 2000) (en banc) (*AMAE*). In *Enforma*, the Ninth Circuit explained:

> When outside technical expertise can be helpful to a district court, the court may appoint a technical advisor. The role of a technical advisor is to organize, advise on, and help the court understand relevant scientific evidence. A technical advisor is a tutor who aids the court in understanding the "jargon and theory" relevant to the technical aspects of the evidence. A technical advisor may not assume the role of an expert witness by supplying new evidence; nor may an advisor usurp the role of the judge by making findings of fact or conclusions of law. Technical advisors, acting as such, are not subject to the provisions of Rule 706, which govern court-appointed expert witnesses. A court-appointed expert is a witness subject to Rule 706 if the expert is called to testify or if the court relies on the expert as an independent source of evidence.

*Enforma*, 362 F.3d at 1213 (citations omitted). The Ninth Circuit further stated that, on remand, "the district court should consider implementing some or all of [the] safeguards [recommended by Judge Tashima in *AMAE*] to assure the parties that the court is proceeding openly and fairly" and to "aid in appellate review if such review becomes necessary." *Id*. at 1215. Thus, the Ninth Circuit recommends that a district court should:

> (1) utilize a fair and open procedure for appointing a neutral technical advisor; (2) address any allegations of bias, partiality, or lack of qualification; (3) clearly define and limit the technical

PAGE 3 – CASE MANAGEMENT ORDER

>advisor's duties; (4) make clear to the technical advisor that any
>advice he or she gives to the court cannot be based on any extra-
>record information; and (5) make explicit, either through an
>expert's report or a record of *ex parte* communications, the nature
>and content of the technical advisor's advice.

*Id*. (citing *AMAE*, 231 F.3d at 611-14 (Tashima, J., dissenting)).

The Court intends to appoint one or more technical advisors and follow the procedures recommended by Judge Tashima in *AMAE* consistent with the comments of the Ninth Circuit in *Enforma*. The Court requests the parties to confer and, if possible, jointly recommend, not later than March 24, 2026, one or more potential technical advisors for the Court's consideration. Upon appointment, the Court would anticipate that Plaintiffs be responsible for one-half of the technical advisor's (or advisors') reasonable fees and costs (paid monthly) and that Defendants (as a group) be responsible for the other half, with the prevailing party (or parties) able to recoup what they paid, as prevailing party costs to the extent permitted by law. *See generally* Fed. R. Civ. P. 53(g) (discussing compensation for court-appointed Masters). If the parties cannot agree on a joint recommendation, each side may propose up to three candidates for the Court's consideration.

### III. SPECIAL DISCOVERY MASTER

After thoroughly conferring in good faith, any party may file with the Court a motion to compel discovery or a contested motion for protective order. To the extent that any such motion raises primarily legal issues, the Court intends to resolve that dispute promptly. To the extent, however, that any such motion or dispute involves complex questions of availability of information, including e-discovery, or issues of burdensomeness or proportionality, the Court intends to appoint a Special Discovery Master to meet with the parties, assist the parties in consensually resolving their discovery disputes when possible, and make recommendations to

the Court about how to resolve a discovery dispute that the parties cannot resolve among themselves.

Rule 53 of the Federal Rules of Civil Procedure allows for the appointment of a master, including a special master to supervise discovery, including electronically stored information. Fed. R. Civ. P. 53; *see also* Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION § 11.52 (4th ed. 2004); Academy of Court-Appointed Masters, APPOINTING SPECIAL MASTER AND OTHER JUDICIAL ADJUNCTS: A HANDBOOK FOR JUDGES AND LAWYERS (2d ed. 2009). Before appointing a special master, however, a court "must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3).

If the parties find that they have a discovery dispute that they cannot resolve among themselves the dispute does not raise what is essentially a legal question, the Court would them ask the parties to confer and, if possible, jointly recommend a Special Discovery Master for the Court's consideration. If the parties cannot agree on a joint recommendation, each side may propose up to three candidates for the Court's consideration.

### IV. TRIAL IN PORTLAND WITH PENDLETON VENIRE

This case is pending in the Pendleton Division of this Court. As provided in Local Rule ("LR") 3-3(a), "[u]nless otherwise directed by the Court, cases will be tried in the division assigned under LR 3-2(b)." "In the interests of justice, the Court may order that the case be tried at any other place within the district." LR 3-3(b). Further, "[i]n the interest of justice, a judge may suspend or modify the application of these rules in an individual case or group of cases." LR 1-4.

In this lawsuit, Plaintiffs have sued six separate Defendants. Counsel for Plaintiffs are in Seattle, Washington; Kalispell, Montana; and Billings, Montana. Counsel for the Port of Morrow are in Portland, Oregon. Counsel for Lamb Weston Holdings, Inc. are in Los Angeles,

PAGE 5 – CASE MANAGEMENT ORDER

California; Charlotte, North Carolina; and Ontario, Oregon. Counsel for Madison Ranches, Inc. are in Portland, Oregon and Ridgeland, Mississippi. Counsel for Threemile Canyon Farms, LLC are in Portland, Oregon; Minneapolis, Minnesota; Chicago, Illinois; Philadelphia, Pennsylvania; and Baltimore, Maryland. Counsel for Portland General Electric are in Portland, Oregon; Seattle, Washington; and Long Beach, California. Counsel for Columbia River Processing, LLC are in Portland, Oregon. The parties estimate that a jury trial may last up to three weeks. The Court notes that there simply are not enough commercial hotel rooms in Pendleton, Oregon to accommodate each party's trial team, including expert witnesses, and the Court and its staff. Accordingly, trial will be held in Portland.

Plaintiffs have no objection. *See* ECF 143. Defendants, however, request "that, if there is a jury trial, it be held in the Pendleton Division or that venire be chosen from the Pendleton Division." ECF 148 at 9. For the reasons discussed above, the Court anticipates holding trial in Portland but selecting the venire from the Pendleton Division, subject to further discussion with the parties as the case approaches trial.

## V. CONCLUSION

This Case Management Order addresses the case schedule through trial and other issues as discussed with the parties during the Rule 16 conference.

**IT IS SO ORDERED**.

DATED this 24th day of February, 2026.

                                                  /s/ *Michael H. Simon*
                                                  Michael H. Simon
                                                  United States District Judge