**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **MICHAEL PEARSON,** *et al.*, | Case No. 2:24-cv-362-SI |
| Plaintiffs, | **ORDER DENYING CONSOLIDATION** |
| v. | |
| **PORT OF MORROW,** *et al.*, | |
| Defendants. | |
| **MICHAEL PEARSON,** *et al.*, | Case No. 2:26-cv-633-SI |
| Plaintiffs, | |
| v. | |
| **AMAZON DATA SERVICES, INC.**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Two lawsuits are pending before the Court about allegedly contaminated water in the Lower Umatilla Basin. Now before the Court is a motion to consolidate these two cases. The Court denies the motion because judicial economy does not require consolidation and there is a risk of prejudice to Defendants.

The purpose of consolidation under Rule 42(a) of the Federal Rules of Civil Procedure is to improve trial court efficiency. "If actions before the court involve a common question of law or fact," the rule permits the Court to "join for hearing or trial any or all matters at issue," "consolidate the actions," or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation is inappropriate if it would lead to "inefficiency, inconvenience, or unfair prejudice to a party." *See E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

PAGE 1 – ORDER

Plaintiffs argue that consolidation will serve the interests of judicial economy and will provide Defendants in the earlier-filed action ("*Port of Morrow* Defendants") an opportunity to be heard in the later-filed action, *Pearson v. Amazon Data Services, Inc.*, Case No. 2:26-cv-633-SI (D. Or., filed Mar. 31, 2026) (hereinafter "*Amazon*"). On the latter point, Plaintiffs argue that consolidation is more efficient than requiring the *Port of Morrow* Defendants to intervene in *Amazon*. *Port of Morrow* Defendants do not dispute that there are common issues of law and fact between this case and *Amazon*. They argue, however, that they would be prejudiced by consolidation.

Plaintiffs' proposed benefits are unpersuasive. Any judicial economy advantage of consolidation can be achieved "by assignment of both cases to the same judge." *Evraz Inc., N.A. v. Travelers Indem. Co.*, 2013 WL 6241984, at *3 (D. Or. Dec. 3, 2013) (denying consolidation). Because *Amazon* and this action have common questions of law and fact, and have already been assigned to the same judge, the undersigned, the Court will exercise its powers under Rule 42(a) to issue "any . . . orders to avoid unnecessary cost or delay," and, if appropriate, "join for hearing . . . any . . . matters at issue." Fed. R. Civ. P. 42(a)(3), (1).

Additionally, consolidation will not relieve *Port of Morrow* Defendants of the need to intervene in the *Amazon* action. In *Johnson v. Manhattan Railroad Co.*, the Supreme Court disapproved of a district court that "consolidated two suits, apparently with the intent to 'effect an intervention of the parties to the [first suit] in the [second] suit'—in other words, to make the two suits one." *See Hall v. Hall*, 584 U.S. 59, 70 (2018) (alterations in original) (quoting *Johnson v. Manhattan R. Co.*, 61 F.2d 934, 940 (2d Cir. 1932)). The Supreme Court recently reaffirmed *Johnson* in *Hall*, explaining that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights

of the parties, or make those who are parties in one suit parties in another." *Id.* (quoting *Johnson*

*v. Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933)).[1] Thus, to participate in actions to which they

are not already parties, litigants must intervene—even if they are already party to a matter

consolidated with the action they seek participation in. *See Cont'l Airlines, Inc. v. Goodyear Tire*

*& Rubber Co.*, 819 F.2d 1519, 1523 n.1 (9th Cir. 1987) ("Sargent was not a party to these suits,

and the consolidation of cases below did not 'make those who are parties in one suit parties in

another.'" (quoting *Johnson*, 289 U.S. at 497)).[2]

---

[1] *Johnson* was decided two years before "the Rules Advisory Committee began discussion of what was to become Rule 42(a)" and five years before the rule was promulgated. *Hall*, 584 U.S. at 73, 77. However, the word "consolidate" in Rule 42(a) carries the same meaning as it did in the consolidation statute discussed in *Johnson*. *See generally id.* at 72-77; *see, e.g.*, *id.* at 75 ("[N]othing in the pertinent proceedings of the Rules Advisory Committee supports the notion that Rule 42(a) was meant to overturn the settled understanding of consolidation.").

[2] District courts have called this principle into question based on a 2002 holding from the Ninth Circuit. *See, e.g.*, *Wilson v. HGC, Inc.*, 2016 WL 4432690, at *1 (D. Or. Aug. 18, 2016) (Simon, J.) ("[W]hether actions that have been consolidated pursuant to Rule 42(a) retain their separate 'character' or become 'merged' appears to be an unresolved question in the Ninth Circuit. (citing *Schnabel v. Lui*, 302 F.3d 1023, 1035-36 (9th Cir. 2002))). In *Schnabel*, the Ninth Circuit reserved "the issue of whether consolidated actions in general retain their separate character under *Johnson* and its progeny, or are merged for purposes of determining personal jurisdiction." *Schnabel*, 302 F.3d at 1036. After the Supreme Court's *Hall* decision in 2018, however, the Court has no doubt concluding that consolidated actions retain their separate character to the extent that consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *See Hall*, 584 U.S. at 70 (quoting *Johnson*, 289 U.S. at 496-97). This is so for two reasons.

First, *Schnabel* expressed skepticism towards *Johnson* because of the holding in *Huene v. United States*, 743 F.2d 703 (9th Cir. 1984). *Schnabel* remarked that *Huene* "implicitly reject[ed] some consequences of *Johnson* by treating consolidated actions as merged for purposes of appeal." *Schnabel*, 302 F.3d at 1036; *see also Huene*, 743 F.2d at 705 (holding that, in consolidated actions, an appeal is permitted "only when there is a final judgment that resolves all of the consolidated actions"). But *Hall* abrogated *Huene*, holding that "constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party." *Hall*, 584 U.S. at 77.

Second, *Hall* reaffirmed *Johnson* and confirmed that *Johnson*'s reasoning (which was based on the consolidation statute) applies to Rule 42(a). *See id.* ("[W]e cannot accept Samuel's

PAGE 3 – ORDER

*Port of Morrow* Defendants' prejudice concerns are also well-founded. They assert, for example, that laypeople and the media might misunderstand the meaning of "consolidation," and, upon learning of the settlement in *Amazon*, may conclude that *Port of Morrow* Defendants are culpable in this action. That concern is particularly well-founded because the proposed settlement class in *Amazon* includes all property owners and renters in the Lower Umatilla Basin Groundwater Management Area. The jury pool in this action (which has a Pendleton venire) may include members of proposed settlement class. Thus, if the Court were to consolidate the actions, large portions of the prospective jury pool in this case likely would receive settlement notices referencing the consolidated actions. This potential prejudice against the *Port of Morrow* Defendants further counsels against consolidation.

The Court DENIES the motion for consolidation, ECF 180.

**IT IS SO ORDERED.**

DATED this 30th day of April, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

contention that 'consolidate' in Rule 42(a) carried a very different meaning—with very different consequences—than it had in *Johnson*, just five years before the Rule was adopted."); *id.* at 73 ("The Rule [Fed. R. Civ. P. 42(a)] contained no definition of 'consolidate,' so the term presumably carried forward the same meaning we had ascribed to it under the consolidation statute for 125 years and had just recently reaffirmed in *Johnson*."). Thus, consolidation for purposes of Rule 42(a) does not "merge the suits into a single cause" or "make those who are parties in one suit parties in another." *Id.* at 70 (quoting *Johnson*, 289 U.S. at 496-97).