Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW Second Avenue, Suite 2000
Portland, OR 97204
(503) 443-6099
csdavidson@swlaw.com

John F. Stoviak (*pro hac vice*)
SAUL EWING LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087
(610) 251-5056
john.stoviak@saul.com

James A. Morsch (*pro hac vice*)
SAUL EWING LLP
161 North Clark Street, Suite 4200
Chicago, IL 60601
(312) 876-7866
jim.morsch@saul.com

Kayleigh T. Keilty (*pro hac vice*)
SAUL EWING LLP
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
(410) 332-8919
kayleigh.keilty@saul.com

Erin Westbrook (*pro hac vice*)
SAUL EWING LLP
33 South Sixth Street, Suite 4750
Minneapolis, MN 55402
(612) 225-2946
erin.westbrook@saul.com

*Attorneys for Defendant*
*Threemile Canyon Farms, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PENDLETON DIVISION

| | |
|---|---|
| MICHAEL PEARSON, JEFFREY FLEMING, JAMES SUTER, SILVIA SUTER, and JESSIE MOHEDANO on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>PORT OF MORROW; LAMB WESTON HOLDINGS, INC.; MADISON RANCHES, INC.; THREEMILE CANYON FARMS, LLC; PORTLAND GENERAL ELECTRIC COMPANY; and COLUMBIA RIVER PROCESSING, LLC,<br><br>      Defendants. | Case No. 2:24-CV-00362-SI<br><br><br>DEFENDANT THREEMILE CANYON FARMS LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED CLASS ACTION COMPLAINT<br><br><br>**JURY TRIAL DEMANDED** |

58158056.5

Defendant Threemile Canyon Farms, LLC ("Threemile"), by and through counsel, hereby answers, and raises affirmative defenses to, Plaintiffs' Third Amended Complaint, as follows:

## I.    INTRODUCTION

1.    The allegations in this Paragraph constitute a statement of the case to which no response is required. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

2.    The allegations in this Paragraph constitute a statement of the case to which no response is required. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

3.    To the extent that allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile denies the allegations directed to Threemile

4.    To the extent that allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile admits that it operates a CAFO and sells Tillamook milk, but denies that it contributes to nitrate pollution and the remaining allegations in this Paragraph.

5.    To the extent that allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them. To the extent that allegations in this Paragraph are directed at Threemile, Threemile denies the allegations.

58158056.5

6. To the extent that allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them. To the extent the allegations in this paragraph state scientific or technical matters, including hydrogeology, that require expert analysis and opinion, Threemile is not required to respond. To the extent that a response is required, Threemile lacks sufficient knowledge of information to form a belief as to the truth of the allegations and therefore denies them. To the extent that any remaining allegations in this Paragraph are directed at Threemile, Threemile denies the allegations.

7. Threemile admits that the Oregon DEQ has designated the Lower Umatilla Basin as a Groundwater Management Area and that it encompasses portions of Northern Morrow and Umatilla counties. Threemile denies that all groundwater in the Lower Umatilla Basin on which class members purport to rely is polluted with nitrates. As to the remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

8. To the extent this Paragraph seeks to characterize legal and/or regulatory guidelines, no response is required. To the extent a response is required, Threemile denies Plaintiffs' characterizations of the legal and/or regulatory guidelines. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

9. To the extent the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Threemile denies the remaining allegations in this Paragraph.

58158056.5

10.    The allegations in this Paragraph contain characterizations and legal conclusions to which no response is required. To the extent those allegations require a response, Threemile admits that Plaintiffs purport to bring a citizen suit under RCRA and pray for injunctive relief among other things. Threemile denies the remaining allegations in this Paragraph.

11.    The allegations in this Paragraph contain characterizations and legal conclusions to which no response is required. To the extent those allegations require a response, Threemile admits that Plaintiffs purport to bring claims against state law claims against some or all of the Defendants and Threemile denies the remaining allegations in this Paragraph.

12.    The allegations in this Paragraph contain characterizations and conclusions of law from the Third Amended Complaint, which speaks for itself and no response is required. To the extent those allegations require a response, Threemile admits only that Plaintiffs purport to seek a medical monitoring program and Threemile denies the remaining allegations in this Paragraph.

13.    This paragraph seeks to describe Plaintiffs' purported causes of action and relief sought and describes conclusions of law, to which no response is required. To the extent a response is required, Threemile admits that Plaintiffs have brought an inverse condemnation claim against the Port.

14.    The allegations in this Paragraph contain characterizations and legal conclusions to which no response is required. To the extent those allegations require a response, Threemile admits that Plaintiffs purport to bring claims on behalf of themselves and a class as described in this paragraph. Threemile denies the remaining allegations in this Paragraph and Image 13/Exhibit A.

58158056.5

## II.     PARTIES

**A.     Plaintiffs**

**1.     Michael Pearson**

15.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

16.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

17.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

18.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

19.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

20.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

21.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

22.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

23.     To the extent that the allegations in this Paragraph are directed at defendants other than Threemile. To the extent the allegations in this paragraph state scientific or technical matters, that require expert analysis and opinion, Threemile is not required to respond. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to

58158056.5

the truth of these allegations and therefore denies them. As to remaining allegations directed at Threemile, Threemile denies the allegations. Threemile further avers that Plaintiff Pearson disclaimed damages for bodily injury.

**2.      Jeffrey Fleming**

24.      Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

25.      Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

26.      Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

27.      Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

28.      Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

29.      To the extent that the allegations in this Paragraph are directed at defendants other than Threemile. To the extent the allegations in this paragraph state scientific or technical matters, that require expert analysis and opinion, Threemile is not required to respond. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies them. As to remaining allegations directed at Threemile, Threemile denies the allegations. Threemile further avers that Plaintiff Fleming disclaimed damages for bodily injury.

58158056.5

**3.      James Suter and Silvia Suter**

30.      Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

31.      Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

32.      Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

33.      Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

34.      Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

35.      Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

36.      To the extent that the allegations in this Paragraph are directed at defendants other than Threemile. To the extent the allegations in this paragraph state scientific or technical matters, that require expert analysis and opinion, Threemile is not required to respond. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies them. As to remaining allegations directed at Threemile, Threemile denies the allegations. Threemile further avers that Plaintiffs Mr. and Mrs. Suter have disclaimed damages for bodily injury.

58158056.5

### 4. Jessie Mohedano

37. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

38. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

39. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

40. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

41. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

42. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile. To the extent the allegations in this paragraph state scientific or technical matters, that require expert analysis and opinion, Threemile is not required to respond. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies them. As to remaining allegations directed at Threemile, Threemile denies the allegations. Threemile avers that Plaintiff Mohedano disclaimed damages for bodily injury.

### B. Defendants

### 1. Port of Morrow

43. Threemile admits that the Port is a pubic entity that runs an industrial wastewater treatment and disposal system. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

### 2.    Lamb Weston Holdings, Inc.

44.    Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

### 3.    Madison Ranches, Inc.

45.    Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

### 4.    Threemile Canyon Farms, LLC

46.    Threemile admits that it is a corporation incorporated in Oregon with its principal place of business in Oregon, it operates a dairy west of Boardman, it owns 93,000 acres of land, 39, 500 of which are irrigated farmland, it is the largest dairy in Oregon, and it provides milk for use by Columbia River Processing. Threemile denies the remaining allegations in this Paragraph.

### 5.    Portland General Electric Company

47.    Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

### 6.    Columbia River Processing, LLC

48.    Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

### III.    JURISDICTION AND VENUE

49.    The allegations in this Paragraph contain characterizations, legal argument, and conclusions of law to which no response is required. To the extent those allegations require a response, Threemile admits that Plaintiffs purport to establish that the Court has jurisdiction over this action under RCRA and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a). Threemile denies the remaining allegations in this Paragraph.

58158056.5

50.     The allegations in this Paragraph contain characterizations, legal argument, and conclusions of law to which no response is required. To the extent those allegations require a response, Threemile admits that this Court is the proper venue for Plaintiffs' claims.

51.     To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. To the extent allegations of this Paragraph are directed at Threemile, Threemile admits that Notice was delivered to Threemile on November 27, 2023 on behalf of Plaintiffs Michael Pearson, James Suter, and Silvia Suter. Threemile denies the remaining allegations in this Paragraph.

52.     The allegations in this Paragraph contain characterizations, legal argument, and conclusions of law to which no response is required. As to remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

## II.     STATEMENT OF FACTS[1]

### A.     High levels of nitrate damage human health and the environment.

#### 1.     Exposure to high levels of nitrates is dangerous to human health.

53.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

54.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

55.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

---

[1] To the extent that any of the subheadings reference in this section of Plaintiffs' Third Amended Class Action Complaint subheadings are deemed to be substantive allegations, Threemile denies the allegations in each subheading.

58158056.5

56.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

57.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and in Image 2 and therefore denies them.

58.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

**2.      High levels of nitrates damage the environment.**

59.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

60.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

61.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

62.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

63.     To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, no response is required. To the extent the allegations in this Paragraph are directed at Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

**B.      The EPA and the Oregon DEQ have established nitrate-related guidelines.**

64.     The allegations in this Paragraph contain characterizations of legal and/or regulatory guidelines to which no response is required. To the extent a response is required, Threemile denies Plaintiffs' characterizations of the legal and/or regulatory guidelines, and admits

58158056.5

only that the federal government and State of Oregon have published drinking water guidelines, including drinking water guidelines related to nitrate concentrations. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

65.    The allegations in this Paragraph contain characterizations of legal and/or regulatory guidelines to which no response is required. The allegations of this paragraph purport to quote or refer to EPA standards, to which Threemile refers for a complete and accurate recitation of their contents. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and denies them on that basis.

66.    The allegations of this paragraph purport to quote or refer to Oregon Administrative Rules and a letter from the EPA, to which Threemile refers for a complete and accurate recitation of their contents. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and denies them on that basis.

67.    The allegations of this paragraph purport to quote or refer to Oregon Administrative Rules, to which Threemile refers for a complete and accurate recitation of their contents. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies them.

## C.    The LUBGWMA is highly contaminated with nitrates.

68.    Threemile admits that there have been nitrate issues in the groundwater in the LUBGWMA for decades, which led to the creation of the LUBGWMA in 1990, a decade before Threemile's founding. Threemile lacks sufficient information to form a belief as to the specific statistics mentioned in this Paragraph.

12

58158056.5

69.     To the extent the allegations in this Paragraph purport to describe a study, survey, sampling and/or testing results or other data, Threemile refers to those documents for a complete and accurate recitation of their contents. To the extent a response is required to those allegations in this Paragraph, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations. To the extent allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations. To the extent the allegations in this Paragraph are directed at Threemile, Threemile denies the allegations.

70.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

71.     The allegations of this paragraph purport to quote or refer to data published by the Oregon Health Authority, to which Threemile refers for a complete and accurate recitation of its contents. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

72.     The allegations of this paragraph purport to quote or refer to data published by the Oregon Health Authority, to which Threemile refers for a complete and accurate recitation of its contents. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and Image 3 and therefore denies them.

73.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

74.     The allegations of this Paragraph and Table 1 purport to quote or refer to DEQ determinations and a petition to the EPA, to which Threemile refers for a complete and accurate

13

58158056.5

recitation of their contents. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and Table 1 and therefore denies them.

75.     The allegations of this paragraph and Table 2 purport to quote or refer to DEQ determinations and a petition to the EPA, to which Threemile refers for a complete and accurate recitation of their contents. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and Table 2 and therefore denies them.

**D.     Defendants discard large quantities of nitrogen-heavy waste onto land in the LUBGWMA.**

76.     To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies them. To the extent allegations are directed at Threemile, Threemile denies the allegations.

**1.     The Port of Morrow**

**a.     The Port accepts high-nitrogen wastewater from its tenants and dumps this wastewater onto land in the LUBGWMA.**

77.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this Paragraph, and therefore denies them.

78.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

79.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and Images 4, 5, and 6 and therefore denies them.

80.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

81.     Threemile denies that most fields lie fallow and there is no crop benefit from land-applied water in the winter or that water land applied in the winter is applied solely for purposes

14

of disposal. As to the remaining allegations in this Paragraph, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them

### b.   The Port regularly violates its wastewater discharge permits.

82.   Threemile admits that the Port has a DEQ Permit, and that the clear language of the permit can speak for itself.  Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

83.   Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

84.   Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

85.   Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

86.   Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

87.   Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

88.   Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

89.   Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

90.   Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

58158056.5

91. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

92. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

93. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

94. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

95. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

96. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

97. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and Images 8 and 9 and therefore denies them.

98. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

**2.     Lamb Weston**

99. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

100. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

101. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

16

102. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

103. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

104. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

105. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

106. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

107. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

108. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

109. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

110. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

111. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

112. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

58158056.5

### 3. Madison Ranches

113. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

114. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

115. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

116. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

117. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

118. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

119. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

120. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

121. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

122. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

### 4. Threemile

123. Threemile admits the allegations of this Paragraph.

18

58158056.5

124.     Threemile admits that it operates three CAFOs: Columbia River Dairy, Threemile Heifer Facility, and Sixmile Dairy. Threemile denies the remaining allegation of this Paragraph.

125.     Threemile admits that it has a large herd of cattle which generate millions of gallons of effluent every year and that Threemile stores this effluent until it is land-applied to its fields for the purpose of fertilizing crops.  Threemile denies the remaining allegations of this Paragraph.

126.     Threemile admits that it applies effluent to crops and relies on the agronomic rate when making decisions about the amount of effluent to apply.  Threemile admits that it applied 284 pounds of nitrogen per acre to Field 34 in a single application in the form of solid manure. Unlike effluent water, nitrogen contained in solid manure is less bioavailable and releases over a longer period of time. As a result, agronomists use a calculation called Plant Available Nitrogen (PAN) to determine how much solid manure to apply to meet the agronomic rate. Using the PAN Tool from Oregon State University as Threemile's agronomists do, the 284 pounds applied to Field 34 amounts to 162 pounds of PAN. The remaining nitrogen content of the solid manure applied becomes bioavailable over time and is taken up by subsequent crops planted in that field. Subsequent soil testing reveals that there was not excess nitrogen level in the fifth foot of soil following the alleged overapplication on November 8, 2023. As a result, Threemile denies that this application was in excess of the agronomic rate for the crops planted in the field when considering the nature of the application, the bioavailability of the constituent components, and the applicable agronomic rate.

127.     Threemile admits that it applies effluent to crops and relies on the agronomic rate when making decisions about the amount of effluent to apply.  Threemile admits that it applied 533.9 pounds of nitrogen per acre to Field 655  and 267 pounds of nitrogen to Field 125 in the form of solid manure.. Unlike effluent water, nitrogen contained in solid manure is less

19

58158056.5

bioavailable and over a longer period time. As a result, agronomists use a calculation called Plant Available Nitrogen (PAN) to determine how much solid manure to apply to meet the agronomic rate. Using the PAN Tool from Oregon State University as Threemile's agronomists do, the 267 pounds of N applied to field 125 would be equivalent to 163 pounds of PAN. The 533.9 pounds applied to Field 655 would only be equivalent to 359 pounds of PAN. However, before planting the organic corn in Field 655 that year, Threemile took off a cutting of alfalfa. This would have removed ~142 ponds of nitrogen, leaving only 217 pounds available for the corn crop. The remaining nitrogen content of the solid manure applied becomes bioavailable over time and is taken up by subsequent crops planted in that field. Subsequent soil testing reveals that there was not excess nitrogen level in the fifth foot of soil following the alleged overapplication to these two fields. As a result, Threemile denies that this application was in excess of the agronomic rate for the crops planted in the field when considering the nature of the application, the bioavailability of the constituent components, and the applicable agronomic rate.

128.    Threemile denies the allegations of this Paragraph.

129.    Threemile admits only that there was a spill or leak reported to ODA in 2004. Threemile denies the remaining allegations of this Paragraph.

130.    Threemile admits that it is aware that there are groundwater concerns inside the LUBGWMA, concerns that predate the founding of Threemile. Threemile also admits that it supported the formation of the nonprofit Water for Eastern Oregon. Threemile denies the remaining allegations and characterizations in this Paragraph.

5.    **PGE**

131.    Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

58158056.5

132.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

133.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

134.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

135.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

136.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

**6.     Columbia River Processing**

137.     Threemile admits the first sentence of this Paragraph. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the other allegations in this Paragraph and therefore denies them.

138.     Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

139.     Threemile admits only that it has a large herd of cattle, and that it supplies Tillamook with dairy and that Threemile fertilizes its crops with dairy effluent produced by the dairy cows it maintains. Threemile denies the remaining allegations of this Paragraph.

140.     Threemile admits that Tillamook was aware that Threemile land-applied effluent to fertilize Threemile's crops and published the quotes stated in this Paragraph. Threemile denies the remaining allegations of this Paragraph.

21

58158056.5

141. Threemile admits that it produces millions of pounds of milk every day, that it supplies Tillamook with milk produced by the dairy cows, that Threemile's operation has grown since 2001, and that the quotation in this Paragraph from the website in footnote 23 is authentic. Threemile denies the remaining allegations of this Paragraph.

142. Threemile admits that it supported the formation of Water for Eastern Oregon. As to the remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

143. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

144. Threemile denies that it "dumps" waste onto land in the LUBGWMA. As the remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

145. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and Image 10 and therefore denies them.

146. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

147. Threemile denies discarding waste and that nitrogen or nitrates from its use of nitrogen containing fertilizer products reaches groundwater. As to the remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

148. Threemile denies that it "disposes" of "waste," that it operates a "dumping site," that nitrogen or nitrates from its use of nitrogen-containing fertility products reaches groundwater, and that any act of Threemile caused or contributed to elevated nitrate contamination in

22

58158056.5

groundwater in any of the shaded portions of Image 11/Exhibit A. As to the remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and Image 11/Exhibit A and therefore denies them.

149.    Threemile denies that (1) its operations are a "dumping ground," (2) all named plaintiffs are downgradient of Threemile's operations, and (3) it has caused or contributed to nitrate contamination. As the remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph or Image 12 /Exhibit B and therefore denies them.

150.    To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and therefore denies them. Threemile denies these allegations as they relate to Threemile.

151.    Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

152.    Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

153.    Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

154.    Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

155.    Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

58158056.5

156. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

157. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

158. Threemile denies the allegations in this Paragraph.

159. Threemile denies the allegations in this Paragraph.

160. Threemile denies that Threemile has "dump sites" and that nitrates from Threemile's effluent contaminated Suters' well water. As to the remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

161. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and therefore denies them. Threemile denies these allegations as they relate to Threemile, including that Threemile has directly or proximately caused significant expenses and inconveniences to the Plaintiffs.

162. Threemile denies that is has contaminated Plaintiffs' water. As to the remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

163. Threemile denies that this has contaminated Plaintiffs' water. As to the remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

58158056.5

164. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them. Threemile further avers that Plaintiffs have disclaimed damages for bodily injury.

**H.    Mitigating the harm Defendants have caused will require significant resources.**

165. Threemile denies that it has caused or continues to cause any harm to Plaintiffs and the putative class members or contributed to nitrate contamination in groundwater. As to the remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

166. Threemile denies that this has contaminated Plaintiff or the putative class members' water with nitrates. As to the remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

167. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

168. The allegations in this Paragraph state a form of relief that Plaintiffs purport to seek and contains no factual allegation to which a response is required. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

### III.    CIVIL CONSPIRACY ALLEGATIONS

169. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Threemile denies the allegations in this Paragraph.

25

170. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Threemile does not have sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

171. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Threemile does not have sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

172. Threemile does not have sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

173. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Threemile does not have sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

174. The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Threemile admits that it lawfully sells milk to Tillamook, but denies the remaining allegations in this Paragraph.

175. Threemile denies the allegations of the Paragraph.

176. The first sentence of this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Threemile denies the allegations. As to the remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

177. To the extent the allegations in this Paragraph are directed to Threemile, Threemile denies them. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

26

178.    Threemile admits only that it supported the formation of Water for Eastern Oregon, but denies the characterization of that organization. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies them.

179.    Threemile admits that Michael Graham published an opinion column in the *East Oregonian*, the content of which speak for itself. As to the remaining allegations, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

180.    Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

## IV.    CLASS ALLEGATIONS

181.    The allegations of this Paragraph and Image 13 contain legal conclusions and characterizations of Plaintiffs purported intentions, none of which require a response. To the extent a response is required, Threemile denies the allegations in this Paragraph and Image 13.

182.    This paragraph is a description of the proposed putative class to which no response is required. Threemile denies that said class is appropriate. To the extent a response is required, Threemile denies the allegations in this Paragraph.

**A.    All requirements of Fed. R. Civ. P. 23(a) are met.**

183.    Threemile denies the allegations of this Paragraph.

184.    Threemile denies the allegations of this Paragraph.

185.    Threemile denies the allegations of this Paragraph.

186.    Threemile denies the allegations of this Paragraph.

187.    Threemile denies the allegations of this Paragraph.

58158056.5

**B.      All requirements of Fed. R. Civ. P. 23(b)(3) are met**

188.    Threemile denies the allegations of this Paragraph.

189.    Threemile denies the allegations of this Paragraph and all subparts.

190.    Threemile denies the allegations of this Paragraph.

191.    No response to this Paragraph is required, and Threemile denies that Plaintiffs are entitled to class certification.

**COUNT I:**
**RESOURCE CONSERVATION AND RECOVERY ACT,**
**42 U.S.C. § 6972(A)(1)(B)**
**(By all Plaintiffs against all Defendants)**

192.    Threemile realleges and incorporates by reference its responses to the previous allegations.

193.    This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Threemile denies the allegations.

194.    This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Threemile denies the allegations.

195.    To the extent the allegations in this Paragraph are directed at Threemile, Threemile denies the allegations. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to for a belief about the truth of the allegations and therefore denies them.

196.    Threemile denies the allegations in this Paragraph.

197.    To the extent the allegations in this Paragraph are directed at defendants other than Threemile or other non-parties, Threemile does not have sufficient knowledge or information to form a belief as to the truth of the allegation and therefore denies them. To the extent the allegations in this Paragraph are directed at Threemile, Threemile admits only that it received a letter from

28

58158056.5

Michael Bliven, dated November 17, 2023, which listed the names of Plaintiffs Michael Pearson, James Suter, and Silvia Suter (among others). Threemile denies the remaining allegations in this Paragraph.

198.    To the extent that a response is required to the legal conclusions contained here, Threemile denies the allegations.

199.    To the extent that a response is required to the legal conclusions contained here, Threemile denies the allegations.

**COUNT II:**
**NEGLIGENCE**
**(By all Plaintiffs against all Defendants)**

200.    Threemile realleges and incorporates by reference its responses to the previous allegations.

201.    The allegations of this Paragraph are legal conclusions to which no response is required. To the extent these allegations in this Paragraph are directed to Threemile, the allegations are denied. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient information or knowledge to form a belief as to the truth of the allegations.

202.    To the extent these allegations of this Paragraph are directed to Threemile, the allegations are denied. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient information or knowledge to form a belief as to the truth of the allegations.

203.    To the extent these allegations of this Paragraph are directed to Threemile, the allegations are denied. To the extent that the allegations in this Paragraph are directed at defendants

29

other than Threemile, Threemile lacks sufficient information or knowledge to form a belief as to the truth of the allegations.

204.     To the extent these allegations of this Paragraph are directed to Threemile, the allegations are denied. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient information or knowledge to form a belief as to the truth of the allegations.

205.     To the extent these allegations of this Paragraph are directed to Threemile, Threemile denies that it caused or is causing nitrate contamination of groundwater in the LUBGWMA. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient information or knowledge to form a belief as to the truth of the allegations.

206.     The allegations of this Paragraph are legal conclusions to which no response is required. To the extent these allegations in this Paragraph are directed to Threemile, the allegations are denied. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient information or knowledge to form a belief as to the truth of the allegations.

207.     The allegations of this Paragraph are legal conclusions to which no response is required. To the extent these allegations in this Paragraph are directed to Threemile, the allegations are denied. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient information or knowledge to form a belief as to the truth of the allegations.

208.     The allegations of this Paragraph are legal conclusions to which no response is required. To the extent these allegations in this Paragraph are directed to Threemile, Threemile

58158056.5

denies breaching any duty to the Plaintiffs or the putative class members. As to the remaining allegations, Threemile lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies them.

**COUNT III:**
**NEGLIGENCE *PER SE* FOR VIOLATION OF ORS 468B.025(l)(B)**
**(By all Plaintiffs against Madison Ranches and Threemile)**

209.    Threemile realleges and incorporates by reference its responses to the previous allegations.

210.    The allegations of this Paragraph are legal conclusions to which no response is required. Threemile admits that the Paragraph quotes language contained in ORS 468B.025(l)(b).

211.    The allegations in this Paragraph purport to reference public records of the Environmental Quality Commission and EPA, to which Threemile refers for a complete and accurate recitation of their contents. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

212.    To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. As to allegations directed at Threemile, Threemile denies the allegations.

213.    Threemile denies the allegations in this Paragraph.

31

214. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile denies the allegations as to Threemile.

215. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. As to remaining allegations directed at Threemile, Threemile denies the allegations.

216. The allegation in the second sentence of this Paragraph contain legal conclusions and characterizations to which no response is required. To the extent that a response is required to the legal conclusion alleged here, Threemile denies the allegations in the second sentence of this Paragraph. To the extent allegations in the first and third sentences are directed at Defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations. To the extent the allegations in the first and third sentences of this Paragraph are directed at Threemile, Threemile denies the allegations.

217. To the extent that a response is required to the legal conclusion alleged here, Threemile denies the allegations. Threemile further avers that Plaintiffs have disclaimed damages for bodily injury.

**COUNT IV:**
**NEGLIGENCE *PER SE* FOR VIOLATION OF ORS 468B.025(2)**
**(By all Plaintiffs against the Port of Morrow, Lamb Weston, PGE, and Tillamook)**

218. Threemile realleges and incorporates by references its responses to the previous allegations.

219. Threemile admits that this language appears in the statute.

220.    The allegations in this Paragraph are directed at defendants other than Threemile. Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

221.    To the extent the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. As to allegations directed at Threemile, the allegations are denied.

222.    To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph and therefore denies them. As to allegations directed at Threemile, the allegations are denied.

223.    To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, no response is required. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. As to allegation directed at Threemile, the allegations are denied.

## COUNT V:
## TRESPASS
**(By all Plaintiffs against all Defendants)**

224.    Threemile realleges and incorporates by reference its responses to the previous allegations.

225.    To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile denies the allegations as directed to Threemile.

33

58158056.5

226. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile denies the allegations as directed to Threemile.

227. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile denies the allegations as directed to Threemile.

228. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile denies the allegations as directed to Threemile.

229. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile denies the allegations as directed to Threemile.

## COUNT VI:
## PRIVATE NUISANCE
### (By all Plaintiffs against all Defendants)

230. Threemile realleges and incorporates by reference its responses to the previous allegations.

231. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile denies the allegations as directed to Threemile.

232. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile denies the allegations as directed to Threemile.

34

58158056.5

233. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile denies the allegations as directed to Threemile.

234. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile denies the allegations as directed to Threemile.

235. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile denies the allegations as directed to Threemile.

236. To the extent that the allegations in this Paragraph are directed at defendants other than Threemile, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph. Threemile denies the allegations as directed to Threemile.

**COUNT VII:**
**INVERSE CONDEMNATION**
**(By all Plaintiffs against the Port of Morrow)**

237. Threemile realleges and incorporates by references its responses to the previous allegations.

238. This allegation is directed at a defendant other than Threemile so no response is required. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

239. This allegation is directed at a defendant other than Threemile so no response is required. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

58158056.5

240.    This allegation is directed at a defendant other than Threemile so no response is required. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

241.    This allegation is directed at a defendant other than Threemile so no response is required. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

242.    This allegation is directed at a defendant other than Threemile so no response is required. To the extent a response is required, Threemile lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

## PRAYER FOR RELIEF

Wherefore, having fully answered the Complaint, Threemile denies that Plaintiffs are entitled to the relief sought against Threemile, including all subparts and Threemile further asserts it is entitled to recover attorneys' fees, costs, and expenses to the extent authorized by statute, contract, or other applicable law, including ORS § 30.938.

## AFFIRMATIVE DEFENSES

1.    The Third Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted and should be dismissed pursuant to the Federal Rules of Civil procedure 12(b)(6).

2.    Plaintiffs and the putative class members lack Article III standing to pursue some or all of the claims and relief requested against Threemile because they cannot establish injury-in-fact, traceability, causation, or redressability as to Threemile.

3.    The Third Amended Complaint should be dismissed, in whole or in part, for failure to join indispensable parties. The LUBGWMA contains approximately 180,000 acres of irrigated

36

58158056.5

agriculture, yet the named defendants operate on approximately one-third of that total acreage. Numerous agricultural operations, fertilizer applicators, concentrated animal feeding operations, septic systems, municipalities, and other entities allegedly contribute nitrogen to groundwater within the LUBGWMA, and complete relief cannot be accorded in their absence and unduly prejudices Threemile. Plaintiffs and the putative class members fail to join other potential contributors to nitrate contamination.

4.      Plaintiffs' claims are improperly before this Court, in whole or in part, or should be stayed pursuant to the doctrine of primary jurisdiction.

5.      Plaintiffs' claims are improperly before this Court, in whole or in part, or should be stayed pursuant to applicable abstention doctrines, including *Burford* abstention.

6.      Plaintiffs' claims are barred, in whole or in part, by principles of federal and state preemption.

7.      To the extent Plaintiffs seek to challenge state or federal regulatory requirements, rulemaking, permits, permit conditions, agency decisions, or agency-approved management practices, Plaintiffs have failed to exhaust applicable administrative remedies.

8.      Plaintiffs' claims constitute an improper collateral attack on properly issued permits, approvals, orders, and regulatory determinations issued by state and federal agencies.

9.      Plaintiffs seek relief that would interfere with or supplant complex state and federal regulatory programs governing agricultural operations, nutrient management, water quality, groundwater management, waste management, and concentrated animal feeding operations. As such, Plaintiffs' claims are improperly before this Court, in whole or in part, or should be stayed pursuant to applicable abstention doctrines, including *Burford* abstention

10. Plaintiffs' claims are barred, in whole or in part, to the extent they seek relief inconsistent with applicable federal, state, or local regulatory schemes governing agricultural operations, nutrient management, manure management, wastewater management, land application practices, groundwater protection, and environmental permitting.

11. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

12. Because Threemile has not damaged any Plaintiff's person or property, Plaintiffs' claims against Threemile are barred, in whole or in part, by the economic loss doctrine.

13. Threemile cannot be held liable for damages allegedly arising from activities lawfully conducted pursuant to permits, approvals, authorizations, regulatory directives, agency guidance, or applicable federal, state, and local laws and regulations.

14. Plaintiffs cannot establish that any alleged contamination, injury, or damages were caused by Threemile. Any alleged injury was caused, in whole or in part, by acts, omissions, or conditions attributable to third parties over whom Threemile exercised no control.

15. Any alleged injury, contamination, or damages were caused, in whole or in part, by Plaintiffs' own conduct, including but not limited to the operation and maintenance of private wells, septic systems, property improvements, the use of Plaintiffs' properties to raise livestock and/or grow crops or pastures that require fertilizer, water treatment decisions, and other acts or omissions.

16. If Plaintiffs recover damages from any defendant, Threemile is entitled to contribution, setoff, credit, reduction, allocation, or apportionment based upon the fault or responsibility of any other defendant's settlement or judgement.

58158056.5

17.    Threemile is entitled to contribution, setoff, credit, reduction, allocation, or apportionment based upon the fault or responsibility of one or more nonparties.

18.    Plaintiffs' claims cannot be maintained as a class action because they fail to satisfy the requirements of Rule 23, including numerosity, commonality, typicality, adequacy, predominance, superiority, ascertainability, and manageability.

19.    Individualized issues concerning exposure, groundwater flow, hydrogeology, causation, traceability, alternative sources of nitrate contamination, injury, damages, mitigation, and defenses predominate over any common issues.

20.    The proposed class includes individuals who have suffered no injury, no injury traceable to Threemile, or no injury redressable through relief against Threemile.

21.    Certification of the proposed class would violate Threemile's due process rights, including its right to assert individualized defenses and challenge individualized proof of causation, injury, and damages.

22.    Plaintiffs' claims for monetary relief under the RCRA are barred because RCRA does not authorize recovery of monetary damages.

23.    Plaintiffs' RCRA claims are barred, in whole or in part, by RCRA's anti-duplication provision, 42 U.S.C. § 6905(a).

24.    Plaintiffs' RCRA claims are barred because the materials at issue do not constitute "solid waste" within the meaning of RCRA.

25.    Plaintiffs' RCRA claims are barred because Plaintiffs failed to satisfy applicable statutory notice requirements and conditions precedent to suit.

58158056.5

26.    Plaintiffs' RCRA claims are barred to the extent the challenged materials are beneficially reused, recycled, applied, managed, or otherwise handled in a manner exempt from regulation as solid waste under applicable law.

27.    Because land-applying effluent is a "farming practice" within the meaning of ORS § 30.930, Plaintiffs' nuisance and trespass claims are barred by Oregon's Right-to-Farm Act, ORS §§ 30.930-30.947.

28.    Plaintiffs knew or reasonably should have known of the conditions and their alleged injuries and damages about which they complain long before filing this action and failed to exercise reasonable diligence in asserting their claims.

29.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, acquiescence, and estoppel.

30.    Plaintiffs failed to mitigate their alleged damages and recovery must therefore be reduced or barred.

31.    Plaintiffs' claims for equitable and injunctive relief are barred, in whole or in part, by the doctrines of waiver, laches, acquiescence, estoppel, and unclean hands.

32.    Any alleged contribution by Threemile to nitrate concentrations in Plaintiffs' groundwater was de minimis, not a substantial factor in causing any alleged injury, and therefore not actionable.

33.    Plaintiffs' nuisance claims are barred by the doctrine of coming to the nuisance.

34.    Plaintiffs cannot maintain a private nuisance claim because the alleged injury, if any, is common to the public generally and not unique to Plaintiffs.

35.    Any award of punitive damages would violate the Due Process Clause, Excessive Fines Clause, and other protections afforded by the United States Constitution.

58158056.5

36. Threemile specifically incorporates and invokes all constitutional limitations on punitive damages recognized by *BMW of North America, Inc. v. Gore*, *State Farm Mutual Automobile Insurance Co. v. Campbell*, and their progeny.

37. Threemile reserves the right to assert any additional affirmative defenses revealed through discovery or further investigation.

### Reservation of Rights

This action is in the preliminary stages, and only limited discovery has been conducted to date. Threemile reserves the right to assert any and all additional affirmative defenses that may become evident during the course of this litigation. Additionally, because Plaintiffs seek to hold Threemile liable for not only its own alleged conduct but also—on theories of civil conspiracy, concert of action, aiding and abetting, and/or joint-tortfeasor liability—for the alleged conduct of the other Defendants, Threemile further adopts, incorporates by reference, and reserves the right to assert and rely upon any and all defenses and affirmative defenses that have been raised, or that could be raised, by any other Defendant in this action, to the extent such defenses are applicable to the conduct, factual position, or claims asserted against that other Defendant and Threemile is sought to be held liable for that conduct. Threemile does not concede that it is liable for the conduct of any other Defendant; rather, to the extent Plaintiffs seek to impose such derivative or joint liability on Threemile, Threemile is entitled to the benefit of, and expressly reserves, every defense available to the Defendant whose conduct is at issue. Threemile reserves the right to amend or supplement its defenses to assert any such defense as investigation and discovery proceed. Threemile prays for judgment in its favor, dismissing the Third Amended Complaint and all claims for relief against Threemile with prejudice, and for an award to Threemile its costs and

58158056.5

disbursements as well as reasonable attorneys' fees as may be authorized by applicable law incurred in connection with this action.

## Jury Demand

To the extent Plaintiffs' claims are not dismissed and/or Threemile is not granted summary judgment on Plaintiffs' claims, Threemile demands a trial by jury on all surviving claims for which Threemile is entitled to a trial by jury.

Dated: June 30, 2026

**SAUL EWING LLP**

*s/ Kayleigh Keilty*
John F. Stoviak (*pro hac vice*)
SAUL EWING LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087
(610) 251-5056
john.stoviak@saul.com

James A. Morsch (*pro hac vice*)
SAUL EWING LLP
161 North Clark Street, Suite 4200
Chicago, IL 60601
(312) 876-7866
jim.morsch@saul.com

Kayleigh T. Keilty (*pro hac vice*)
SAUL EWING LLP
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
(410) 332-8919
kayleigh.keilty@saul.com

Erin Westbrook (*pro hac vice*)
SAUL EWING LLP
33 South Sixth Street, Suite 4750
Minneapolis, MN 55402
(612) 225-2946
erin.westbrook@saul.com

42

58158056.5

Clifford S. Davidson, OSB No. 125378
Drew L. Eyman, OSB No. 163762
SNELL & WILMER L.L.P.
601 SW Second Avenue, Suite 2000
Portland, OR 97204
(503) 443-6099
csdavidson@swlaw.com
deyman@swlaw.com

*Attorneys for Defendant*
*Threemile Canyon Farms, LLC*

58158056.5