**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**MICHAEL PEARSON, JEFFREY FLEMING, JAMES SUTER, SILVIA SUTER, JACKIE BLODGETT, ROSA CAVASOS, JON HALEY and JESSIE MOHEDANO**, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**PORT OF MORROW; LAMB WESTON HOLDINGS, INC.; MADISON RANCHES, INC.; THREEMILE CANYON FARMS, LLC; PORTLAND GENERAL ELECTRIC COMPANY; and COLUMBIA RIVER PROCESSING, LLC**,

Defendants.

**PORTLAND GENERAL ELECTRIC COMPANY**,

Third-Party Plaintiff,

v.

**DOE INDIVIDUALS 1 THROUGH 100 and DOE BUSINESS OR GOVERNMENTAL ENTITIES 1 THROUGH 100**,

Defendants.

Case No. 2:24-cv-362-SI

**OPINION AND ORDER**

Michael A. Bliven, BLIVEN LAW FIRM PC, 704 S. Main, Kalispell, MT 59901; Robert F. Dwyer III, BLIVEN LAW FIRM PC, 202 North Main Street, Suite 1, Boardman, OR 97818; Steve W. Berman, Jerrod Patterson, and Sydney K. Thomas, HAGENS BERMAN SOBOL SHAPIRO LLP, 1301 Second Avenue, Suite 2000, Seattle, WA 98101; Nathan Emmons, HAGENS BERMAN SOBOL SHAPIRO LLP, 455 North Cityfront Plaza Drive, Suite 2410, Chicago, IL 60611; and John Heenan, HEENAN & COOK, 2224 Montana Avenue, Billings, MT 59101. Of Attorneys for Plaintiffs.

Amy Edwards, Misha Isaak, Jacob C. Goldberg, Kimberly J. Cullen, and Molly M. Hooks, STOEL RIVES LLP, 760 SW Ninth Avenue, Suite 3000, Portland, OR 97205; and Wade C. Foster, STOEL RIVES LLP, 101 South Capitol Boulevard, Suite 1900, Boise, ID 83702. Of Attorneys for Defendant Port of Morrow.

Bruno J. Jagelski and Simmone Landau, YTURRI ROSE LLP, 89 SW Third Avenue, P.O. Box S, Ontario, OR 97914; and Amanda L. Groves, Jeffrey Wilkerson, and Nathan R. Gilbert, WINSTON TAYLOR LLP, 333 South Grand Avenue, 38th Floor, Los Angeles CA 90071. Of Attorneys for Defendant Lamb Weston Holdings, Inc.

Kyle V. Miller and James H. Bolin, BUTLER SNOW LLP, 1020 Highland Colony Parkway, Suite 1400, Ridgeland, MS 39157; Jennifer L. Gates and Heather Doherty, PEARL LEGAL GROUP PC, 529 SW Third Avenue, Suite 600, Portland OR 97204; and Jeffrey C. Misley and Steven F. Cade, SUSSMAN SHANK LLP, 1000 SW Broadway, Suite 1400, Portland, OR 97205. Of Attorneys for Defendant Madison Ranches, Inc.

Clifford S. Davidson and Drew L. Eyman, SNELL & WILMER LLP, 601 SW Second Avenue, Suite 2000, Portland, OR 97204; John F. Stoviak, SAUL EWING LLP, 1735 Market Street, Suite 3400, Philadelphia, PA 19103; James A. Morsch, SAUL EWING LLP, 161 North Clark Street, Suite 4200, Chicago, IL 60601; Kayleigh T. Keilty, SAUL EWING LLP, 1001 Fleet Street, Ninth Floor, Baltimore, MD 21202; and Erin Westbrook, SAUL EWING LLP, 90 South 7th Street, Suite 3900, Minneapolis, MN 55402. Of Attorneys for Defendant Threemile Canyon Farms, LLC.

Joshua M.F. Sasaki, Fabio Dworschak, Adrian Anderson, KC Hovda, and Julian W. Marrs, MILLER NASH LLP, 1140 SW Washington Street, Suite 700, Portland, OR 97205; and Phillip Allen Trajan Perez, MILLER NASH LLP, 340 Golden Shore, Suite 450, Long Beach, CA 90802. Of Attorneys for Defendant Portland General Electric Company.

Lawson E. Fite, Sara C. Cotton, and Alex C. Carroll, SCHWABE, WILLIAMSON & WYATT PC, 1211 SW Fifth Avenue, Suite 1800, Portland OR 97204. Of Attorneys for Defendant Columbia River Processing, LLC.

Victor Y. Xu, MARTEN LAW LLP, 1050 SW Sixth Avenue, Suite 2150, Portland, OR 97202; Albert P. Barker, MARTEN LAW LLP, 101 South Capitol Boulevard, Suite 1200, Boise ID, 83702; and Sarah M. Mastrian, MARTEN LAW LLP, 920 Fifth Avenue, Suite 2700, Seattle, WA 98104. Of Attorneys for Third-Party Defendant J.R. Simplot Company, LLC.

Martha J. Payne, BENESCH FRIEDLANDER COPLAN & ARONOFF LLP, 225 Escondido Avenue, Lincoln City, OR 97367; and Deana S. Stein and Reed Sirak, BENESCH FRIEDLANDER COPLAN & ARONOFF LLP, 127 Public Square, Suite 4900, Cleveland, OH 44114. Of Attorneys for Third-Party Defendant Shearer's Foods, LLC.

**Michael H. Simon, District Judge.**

Defendant Portland General Electric Company ("PGE") filed a Third-Party Complaint (ECF 239) on July 14, 2026. In its Third-Party Complaint, PGE asserts a third-party claim of contribution under Oregon Revised Statutes ("ORS") § 31.800 against Third-Party Defendants Doe Individuals 1 through 100 and Doe Business or Governmental Entities 1 through 100 (collectively, the "Doe Third-Party Defendants"). Third-Party Compl. ¶ 290. PGE alleges that persons and entities, currently unknown to PGE—the alleged Doe Third-Party Defendants—discharge or have discharged wastewater with substantially higher total Kjeldahl nitrogen ("TKN") or engage or have engaged in other practices that contribute nitrogen and nitrate to the groundwater in the Lower Umatilla Basin Groundwater Management Area ("LUBGWMA"). *Id.* ¶¶ 285-87. In its Prayer for Relief, PGE seeks declaratory relief, contribution from Doe Third-Party Defendants, apportionment of fault among all liable persons and entities, and for costs of PGE's suit. *Id.* at 54-55. The Court has scheduled a three-week jury trial to begin September 13, 2027.

Now before the Court is Plaintiffs' motion to strike or, in the alternative dismiss, PGE's Third-Party Complaint. Because, for the reasons explained below, the Court grants Plaintiffs' alternative motion to dismiss, the Court declines to address Plaintiffs' motion to strike. The Court dismisses PGE's Third-Party Complaint without prejudice.

## STANDARDS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim may be granted only when there is no cognizable legal theory to support

the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

This putative class action concerns allegedly contaminated drinking water. Plaintiffs, on behalf of all persons who own or rent real property in Oregon's LUBGWMA, have sued the Port of Morrow ("the Port"), Lamb Weston Holdings, Inc. ("Lamb Weston"), Madison Ranches, Inc. ("Madison"), Threemile Canyon Farms, LLC ("Threemile"), PGE, and Columbia River Processing, LLC ("CRP") (together, "Defendants"). Plaintiffs allege that their drinking water in the LUBGWMA is contaminated with unhealthy levels of nitrates and that Defendants contributed to and are liable for that pollution. Drinking water that contains unhealthy levels of nitrates can cause birth defects, cell damage, and cancer. Accordingly, many people in the Lower Umatilla Basin now rely solely on bottled water for their household needs.

In an earlier ruling, the Court largely denied Defendants' motions to dismiss and strike Plaintiffs' Second Amended Complaint. *Pearson v. Port of Morrow*, 834 F. Supp. 3d 1127, 1138 (D. Or. 2026). In their Second Amended Complaint, Plaintiffs allege violations of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), and Oregon state law tort claims against all Defendants. ECF 130. PGE then filed its answer and Third-Party Complaint. In its Third-Party Complaint, PGE asserts a claim for contribution against all Doe Third-Party Defendants under ORS § 31.800. *See id.* ¶¶ 288-92. PGE alleges that to the extent it is liable to Plaintiffs or the putative class members for injuries caused by nitrate contamination, the Doe Third-Party Defendants are jointly or severally liable for the same injuries.[1] *Id.* ¶ 290.

---

[1] PGE alleges that the unknown third parties are "jointly and severally" liable, "jointly responsible," and "jointly or severally" liable. *See* Third Party Compl. ¶¶ 274, 287, 290. The Court discusses below Oregon law on the joint or several liability of third-party defendants under the claim asserted by PGE.

PGE alleges that the nitrate contamination in the LUBGWMA is the cumulative result of nitrogen and nitrate loading completed during decades-long land application, fertilizer, and waste-disposal practices. *Id.* ¶ 275. PGE further alleges that these practices involved many sources in an area of about 180,000 acres of irrigated agriculture. *Id.* In support of its contribution claim, PGE highlights Plaintiffs' allegations that to dispose of wastewater in the LUBGWMA, the Port operates a wastewater treatment and disposal system that collects wastewater from numerous industrial tenants, comingles it, and land-applies the comingled wastewater to about 10,000 acres of farmland in Morrow County. *Id.* ¶ 283. PGE alleges that as a part of its wastewater disposal system, the Port collects PGE's process water to dispose of it with other entities' comingled wastewater. *Id.* ¶¶ 283-84. PGE contends, however, that its process water has a much lower nitrogen concentration than what is discharged by other industrial dischargers, making PGE's contribution to the alleged nitrogen contamination "*de minimis*." *Id.*

Additionally, PGE alleges that other unknown residents, landowners, and entities within the LUBGWMA engage in activities and practices that release nitrogen and nitrate into the soil and groundwater and discharge or have discharged wastewater at substantially higher nitrogen concentration than PGE. *Id.* ¶¶ 285-86. The Oregon Department of Environmental Quality has identified these practices as known sources of nitrate contamination in the LUBGWMA. *Id.* ¶ 286.

Further, PGE claims that the alleged nitrate contamination of the LUBGWMA is the result of contributions by numerous independent sources over decades, including sources from Doe Third-Party Defendants. *Id.* ¶ 287. PGE concludes, therefore, that if it is found liable, the currently unknown persons and entities are jointly responsible and thus liable for their equitable share of the groundwater contamination. *Id.* PGE asserts its third-party claim to ensure that, to

the extent PGE is found liable in this lawsuit, liability and fault are apportioned among all responsible parties, including parties whose identities are currently unknown to PGE. *Id.* ¶ 276. PGE also reserves the right to assert a RCRA claim against the Doe Third-Party Defendants, after their "identities are discerned through discovery" and the statutory notice period has expired. *Id.* ¶ 292.

**DISCUSSION**

**A. General Legal Standards for Allegations Against Doe Defendants**

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). There is an exception, however, that exists for a pleader who cannot ascertain the identity of alleged defendants before the filing of a complaint. *Id*. "In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id*. This exception, however, is for circumstances when a claimant can allege facts regarding events and conduct by a specific unidentified actor whose name the claimant has been unable to ascertain. *See Wakefield v. Thompson*, 177 F.3d 1160, 1162 (9th Cir. 1999); *see also Santos v. Potter*, 2007 WL 926493, at *3 (N.D. Cal. Mar. 26, 2007) (denying the plaintiff's motion to add 50 Doe defendants because "[n]umerous Doe Defendants . . . have no place in a complaint unless plaintiff provides the court with more identifying information regarding such defendants.").

"If a plaintiff adequately describes the Doe defendants so that the identity of those persons can easily be identified through discovery, and if the plaintiff alleges specific acts by those particular Doe defendants that states a colorable claim against them, a court will generally permit the plaintiff to engage in discovery to attempt to learn the names of those particular Doe defendants." *Hoge v. Health Servs. at Marion Cnty. Jail*, 2020 WL 13910786, at *1 (D. Or.

Dec. 7, 2020). If, however, the plaintiff cannot adequately describe the identity of persons such that they can easily be identified through discovery, nor can they allege specific acts by Doe defendants, the pleading is insufficient to satisfy Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Est. of Bergner v. San Mateo Cnty. Sheriff's Off.*, 2025 WL 1707289, at *4 (N.D. Cal. June 18, 2025) (granting motion to dismiss, stating that "Plaintiffs fail to allege specific facts showing how each particular doe defendant violated the plaintiff's rights, and Plaintiffs' allegations are devoid of any factual support for how each of these Does personally participated in the events leading to [the alleged harm]." (quotation marks omitted)).

**B. Motion to Dismiss PGE's Third-Party Complaint**

**1. Sufficiency of PGE's Allegations Against Doe Defendants**

PGE does not identify any of the Doe Third-Party Defendants with sufficient specificity in a way that they can *easily* be identified through discovery. PGE alleges that other people and entities "whose identities are presently unknown" to PGE contribute nitrogen and nitrate to the groundwater in the LUBGWMA. Third-Party Compl. ¶ 285. To define this group of unknown persons and entities, PGE alleges that "[m]any residents, landowners, and entities," within "approximately 180,000 acres" of the LUBGWMA "engage in activities and practices that release nitrogen and nitrate into the soil and groundwater." *Id.* ¶ 286. A description this broad could encompass every resident, landowner, and entity within the 180,000 acres that PGE describes. Further, PGE does not allege any specific acts showing how any of the Doe Third-Party Defendants personally participated in the contribution of nitrogen or nitrates to the groundwater in the LUBGWMA.

PGE's third-party claim, as it stands, does not contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

Based on PGE's allegations, the Doe Third-Party Defendants cannot be effectively served and the Court cannot determine if any of the 200 unnamed defendants are real persons or entities that can be sued in federal court. *See Lee v. Plummer*, 2005 WL 91380, at *5 (N.D. Cal. Jan. 17, 2005) (evaluating a motion to dismiss and noting that claims against doe defendants are disfavored "because (1) a Doe defendant cannot be effectively served, (2) the court cannot determine that a Doe defendant is a real person or entity who could be sued in federal court, (3) the court cannot determine if a Doe defendant is subject to any type of immunity and (4) the court cannot determine if plaintiff's suit could survive a Doe defendant's motion to dismiss or motion for summary judgment"). "[N]umerous Doe defendants, especially ones sued in their individual capacities, have no place in a complaint until [PGE] provides the court with more identifying information regarding such defendants." *See id.* at *6. Without more factual allegations identifying known contributors, PGE's third-party complaint fails to satisfy Rule 8(a)(2) of the Federal Rules of Civil Procedure and, therefore, cannot serve as a substantive basis for the Court to permit impleader under Rule 14 of the Federal Rules of Civil Procedure.

**2. PGE's Efforts to Identify Third-Party Defendants**

In their first set of Interrogatories, Plaintiffs requested that PGE identify "anyone other than [PGE who] is responsible in whole or in part for Plaintiffs' losses and damages as alleged in their Complaint." Interrog. No. 7. (ECF 242-3 at 8). In response, PGE objected because the request "attempts to have PGE prepare plaintiffs' case for them" and the research and investigation necessary to answer the request would be "unduly burdensome." Answ. to Interrog. No. 7 (ECF 242-3 at 8). Now PGE requests that the Court add 200 unnamed defendants despite disclaiming any obligation to investigate additional responsible parties.

As noted, PGE alleges that the Oregon DEQ has identified "practices" that are known sources of nitrate contamination in the LUBGWMA and that there are "[m]any residents,

landowners, and entities" that engage in such practices. Third-Party Compl. ¶ 286. PGE also alleges that its water discharge has a TKN concentration significantly lower than nitrogen concentrations discharged by other industrial dischargers and that PGE's contribution, if any, is "*de minimis*." *Id.* ¶ 284. Based on these allegations, it appears that PGE has some data and methodology in place to identify third parties it could implead in the future.

Although Doe defendant pleadings are disfavored, courts allow parties to replead to provide "better notice to opposing parties of the claims against them" while preventing "the needless expenditure of finite judicial resources." *Gibson v. City of Portland*, 165 F.4th 1265, 1290 (9th Cir. 2026). Thus, PGE's third-party complaint is dismissed without prejudice.[2]

**3. PGE's Contribution Rights**

The Court previously concluded that Plaintiffs adequately alleged claims predicated on RCRA and ORS § 468B.025 water pollution violations. *Pearson*, 834 F. Supp. 3d at 1146-47, 1149-52 (D. Or. 2026). At this stage of the litigation, Plaintiffs' claims amount to those that are excluded from Oregon's several-only-liability regime, set forth in part as:

> A civil action resulting from the violation of a standard established by Oregon or federal statute, rule or regulation for the spill, release or disposal of any hazardous waste, as defined in ORS 466.005 . . . [or] [a] civil action resulting from the violation of Oregon or

[2] PGE argues that Oregon Law and Rule 14 of the Federal Rules of Civil Procedure allow for PGE's third-party contribution claims. The Court agrees that PGE may implead third parties for purposes of comparing fault and that a third-party complaint is "expressly permitted." *Caldwell v. VOXX Elec. Corp.*, 2022 WL 18884203, at *3 (D. Or. Nov. 14, 2022), *report and recommendation adopted*, 2023 WL 2433640 (D. Or. Mar. 9, 2023). PGE's third-party complaint is dismissed, not because third-party complaints are impermissible, but because it failed to identify a third-party defendant with sufficient specificity to satisfy Rule 8 of the Federal Rules of Civil Procedure. *See Lee*, 2005 WL 91380, at *6 (granting "leave to provide the court with the identities of the Doe defendants, or with specific factual information identifying them, as such information becomes available").

> federal standards for . . . water pollution, as defined in ORS 468B.005.

ORS § 31.610(6). Because Oregon's several-only-liability framework excludes civil actions arising from violations of hazardous waste or water pollution standards, PGE's liability, if proven, would be joint and several. *Miller v. Agripac, Inc.*, 322 Or. App. 202, 225 (2022) (explaining that when claims are "not covered by the several-only-liability statute . . . [t]he implication is that common-law joint and several liability continues to apply to those excluded tortfeasors").

PGE argues that its contribution rights would be prejudiced if its third-party claims were dismissed before the close of discovery. To obtain contribution from additionally liable parties, however, PGE would still need sufficiently to identify a third-party from which it seeks contribution. PGE asserts that it is in the process of identifying and investigating parties against whom it might have a claim and will name real parties within the next several months. PGE Opp'n (ECF 269 at 7-8); *see also* Third Party Compl. ¶ 280. As discussed above, PGE lodged several objections to Plaintiffs' interrogatory requesting information about potential third-party defendants. Answ. to Interrog. No. 7 (ECF 242-3 at 8). Although PGE's current assertion that it is seeking to identify additional defendants appears inconsistent with its interrogatory response, the bottom line is that PGE must provide sufficiently identifying information to sue Doe Defendants. Only then can it implead those parties and maintain any contribution rights against those third parties.

Further, PGE has preserved its contribution rights in its Thirty-First Affirmative Defense, where PGE "reserves and asserts its right to contribution and indemnity from other responsible parties, including statutory contribution under ORS § 31.800 and common-law indemnity." Third-Party Compl. ¶ 273. PGE's contribution rights are also preserved by ORS § 31.810, which

states in part that "contribution may be enforced . . . by motion" in an action after a judgment, or by a "separate action . . . within two years after the judgment" or payment. ORS § 31.810(2)-(4). Thus, PGE can either file an appropriate third-party complaint in this lawsuit or commence a separate action for contribution against liable third parties after it sufficiently has identified such parties. ORS §§ 31.800, 31.810; *see also S. Pac. Transp. Co. v. City of Portland*, 75 Or. App. 149, 152 (1985) (stating that contribution claims are permissible under ORS § 31.800, then-codified as ORS § 18.440).

PGE argues that under *Lasley v. Combined Transp., Inc.*, 351 Or. 1 (2011), a later contribution suit would be limited to what PGE pays above its already-fixed share. *Lasley*, however, involved an analysis of ORS § 31.610, explaining the change in Oregon's comparative negligence framework to one of several-only liability. *Id.* at 17-19. As previously stated, this action is governed by ORS § 31.610(6). Therefore, this action is excluded from Oregon's several-only liability framework. Under a joint and several liability framework, PGE can engage in litigation to "allocate . . . responsibility for payment." *Lasley*, 351 Or. at 19. Because Plaintiffs' claims in this action fall outside of Oregon's several-only liability framework, PGE is not prejudiced with respect to any future right to contribution by the dismissal of its third-party claims.

**4. Alleged Additional Prejudice to PGE by Dismissal of its Third-Party Claim**

PGE argues it would be prejudiced in other ways by the dismissal of its third-party claims. PGE's current claim against the Doe Third-Party Defendants, however, create numerous issues including (1) whether each unnamed individual exists; (2) what acts each Doe Third-Party Defendant did or did not do; and (3) what proportion of fault should be assigned to them.

PGE asserts that it only has a short period of time to identify third-party contributors before the start of trial. Thus, PGE argues that it would be prejudiced if responsible third parties

were not impleaded and, therefore, could not share the cost of the medical monitoring under Plaintiffs' RCRA claim. To date, the Court has not set a deadline for amending pleadings. Third Amended Case Mgmt. Ord. (ECF 273). Additionally, the trial date has been moved from June 21, 2027, to September 13, 2027. *Id*. As the original case deadlines have been moved, PGE has additional time to investigate, identify, and implead additional third-party contributors.[3]

Additionally, the Court already has addressed PGE's RCRA concerns, stating RCRA citizen suits do not provide a damages remedy. *Pearson*, 834 F. Supp. 3d at 1152-53. Further, relying on *Meghrig v. KFC W., Inc.*, 516 U.S. 479 (1996), other courts have stated that RCRA claims do not provide defendants with a remedy for contribution. *See, e.g.*, *Davenport v. Neely*, 7 F. Supp. 2d 1219, 1229-30 (M.D. Ala. 1998) (holding that the citizen-suit provision of RCRA does not allow a defendant to bring third-party suit asserting indemnity and contribution claims for future costs of cleaning up land); *United States v. Domestic Indus., Inc.*, 32 F. Supp. 2d 855, 871 (E.D. Va. 1999) (holding that the defendants did not have a right to indemnity and contribution under RCRA, stating "that a court should not impose a remedy where Congress specifically declined to allow the remedy"); *FCA Assocs. v. Texaco, Inc.*, 2005 WL 735959, at *3 (W.D.N.Y. Mar. 31, 2005) (denying motion directing third-party defendants to remediate contamination, stating that "[n]owhere does [42 U.S.C. § 6972(a)(1)(B)] provide for the remedy of contribution, and absent an immediate threat, such relief is inconsistent with the purposes of the statute").

The Court, however, recognizes that PGE's concern is that it may be found responsible for a potential cost of medical monitoring beyond its proportional share if the Court denies PGE

[3] If PGE determines that the deadlines set forth in the Third Amended Case Management Order (ECF 273) are insufficient to allow for its investigation and identification of third-party defendants, it may move to amend the case management schedule.

the ability to implead third-party defendants that may be responsible for the harm. PGE's prejudice of increased medical monitoring costs, however, does not outweigh the prejudice to Plaintiffs of having to litigate their claims against 200 unnamed Doe Third-Party Defendants. PGE can file a third-party complaint against named parties or others, if appropriate.

**CONCLUSION**

The Court GRANTS Plaintiffs' alternative motion to dismiss for failure to state a claim (ECF 242) and DISMISSES PGE's third-party complaint without prejudice.

**IT IS SO ORDERED**.

DATED this 16h day of October, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge