AMY EDWARDS, OSB No. 012492
amy.edwards@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

[Additional Counsel on Signature Page]
*Attorneys for Defendant and Intervenor Port of Morrow*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| MICHAEL PEARSON, ROSA CAVASOS, JEFFREY FLEMING, JON HALEY, JAMES SUTER, SILVIA SUTER, and JACKIE BLODGETT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PORT OF MORROW, LAMB WESTON HOLDINGS, INC., MADISON RANCHES, INC., THREEMILE CANYON FARMS, LLC, PORTLAND GENERAL ELECTRIC COMPANY, and COLUMBIA RIVER PROCESSING, LLC,<br><br>Defendants. | Case No.: 2:24-cv-00362-SI<br><br>**PORT OF MORROW DEFENDANTS' RESPONSE TO NON-PARTY AMAZON DATA SERVICES, INC.'S MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER** |
| MICHAEL PEARSON, JAMES SUTER, SILVIA SUTER, ROSA CAVASOS, JEFFREY FLEMING, and JON HALEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON DATA SERVICES, INC.,<br><br>Defendant. | Case No.: 2:26-cv-00633-SI |

## I. INTRODUCTION

Defendants Port of Morrow; Lamb Weston Holdings, Inc.; Threemile Canyon Farms, LLC; Portland General Electric Company; and Columbia River Processing, LLC (the "*Port of Morrow* Defendants") oppose Amazon Data Services, Inc.'s ("ADS") Motion to Quash. ADS's arguments fall into two categories: (1) arguments that the discovery stay in *Pearson et al. v. Amazon Data Services, Inc.*, Case No. 2:26-cv-00633-SI (D. Or.) (the "*Amazon* Action") precludes all discovery as to ADS in *Pearson et al. v. Port of Morrow et al.*, No. 2:24-cv-00362-SI (D. Or.) (the "*Port of Morrow* Action"); and (2) discrete objections to specific document requests. Neither warrants quashing the July 28, 2026, subpoena ("Subpoena"). The Court should reject ADS's broad construction of the discovery stay or, alternatively, modify the stay to permit this third-party discovery. ADS's remaining objections should be resolved request by request through further conferral, not by excusing ADS from producing any documents.

The Subpoena seeks records concerning ADS's discharge of water into canals within the Lower Umatilla Basin Groundwater Management Area ("LUBGWMA"), downstream land application of that water, and related communications and coordination, as well as documents concerning the class definition, damages, and other payments in the *Amazon* Action settlement. Declaration of Molly Hooks, *Port of Morrow* Action, ECF No. 327, *Amazon* Action, ECF No. 32 ("Hooks Decl."), ¶ 2, Ex. A. This evidence is relevant to the *Port of Morrow* Action and is critical to establish ADS's comparative fault and the proper allocation of damages. *Id.* This Court should deny the Motion to Quash and order ADS to produce this relevant, discoverable evidence.

## II. ARGUMENT AND AUTHORITY

### A. The Discovery Stay Does Not Apply to the Subpoena

For the reasons articulated in the *Port of Morrow* Defendants' Omnibus Motion to Compel and/or to Lift Stay in Part, *Port of Morrow* Action, ECF No. 326, *Amazon* Action, ECF No. 31 ("Omnibus Motion"), the discovery stay in the *Amazon* Action does not apply to discovery in the *Port of Morrow* Action or to the Subpoena. When the Court entered the stay, it intended to, and did, stay discovery only in the *Amazon* Action, which is identified by the word "Action." *Amazon* Action, ECF No. 23 (the "Preliminary Approval Order") ¶ 33. As used throughout the Preliminary Approval Order, "Action" clearly refers only to the *Amazon* Action. *Id.* ¶¶ 14, 32, 37, 39. Moreover, the Preliminary Approval Order only stays "litigation of claims and related discovery in the Action as to ADS." *Id.* ¶ 33. ADS is not a party to the *Port of Morrow* Action, and no claim against ADS is being litigated there. Thus, even if "Action" were read to include both the *Port of Morrow* and *Amazon* Actions, the stay still would not preclude the discovery sought in the Subpoena.

Any alternative ruling would mean that ADS is *entirely* immune from discovery in the *Port of Morrow* Action simply because it entered a settlement with plaintiffs in a different, non-consolidated case and because the Court stayed discovery in that separate case. None of the cases that ADS now cites stand for that proposition. *See Swain v. Am. Honda Motor Co.*, No. 6:25-CV-02142-AP, 2026 WL 2267737, at *5–6 (D. Or. Aug. 6, 2026) (broad discovery stay was in place in *same* case in which subpoena was issued); *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2013 WL 12114761, at *1, *3 (C.D. Cal. Sept. 23, 2013) (same); *Hill v. Robert's Am. Gourmet Food, LLC*, No. C-13-80166 MISC JST (EDL), 2013 WL

5118943, at *1, *3 (N.D. Cal. Sept. 13, 2013) (broad discovery stay was in place in *same* case that had merely been transferred to another district and consolidated with another case).

Because the discovery stay does not apply to the Subpoena, enforcing it does not "impose an undue burden and expense on ADS." Motion to Quash Subpoena, *Port of Morrow* Action, ECF No. 351, *Amazon* Action, ECF No. 35 ("Mot. to Quash"), at 4. If the Court determines that the Preliminary Approval Order continues to bar third-party discovery from ADS in the *Port of Morrow* Action, as requested in the Omnibus Motion, the Court should modify the stay to clarify that it does not apply to the Subpoena.

### B. ADS's Objections to Specific Document Requests Do Not Justify Quashing the Subpoena

The remainder of ADS's arguments concern discrete objections to specific document requests in the Subpoena. Those objections should be addressed through conferral, and none of these objections warrant quashing the entire Subpoena.

During the October 6, 2026, conferral, counsel for ADS stated that ADS would not comply with the Subpoena. Hooks Decl. ¶ 6. The *Port of Morrow* Defendants reiterated their willingness to confer on specific objections in the Omnibus Motion. Omnibus Motion at 6. Rather than engage in a meaningful conferral on its objections to specific document requests, ADS now asks this Court to quash the Subpoena in its entirety. But the objections it raises do not justify a categorical bar to production.

#### 1. The Subpoena permissibly seeks nonprivileged factual and damages-related evidence.

ADS first asserts that the Subpoena must be quashed because Requests 5 through 7 seek confidential, privileged materials concerning settlement negotiations. Mot. to Quash at 4. As ADS recognizes, however, settlement-related materials are not per se undiscoverable. *Id.*

"Pursuant to Federal Rule of Evidence 501, federal common law generally governs claims of privilege," including in cases that involve federal question claims and state law claims. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 835 F.3d 1155, 1158 (9th Cir. 2016). "There is no federal mediation privilege in the federal rules and the Ninth Circuit has not recognized a mediation privilege under the federal common law." *Roberts v. City of Fairbanks*, No. 4:17-CV-00034-SLG, 2021 WL 3909905, at *4 (D. Alaska Aug. 31, 2021); *see Wilcox v. Arpaio*, 753 F.3d 872, 877 (9th Cir. 2014) ("We thus need not determine whether a mediation privilege should be recognized under federal common law and, if so, the scope of such a privilege.").

ADS cites *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1179–80 (C.D. Cal. 1998), for recognizing a federal common-law mediation privilege. Mot. to Quash at 4. But this Court is not bound by *Folb*. Indeed, in *Roberts*, the District of Alaska expressly declined to recognize a federal common-law mediation privilege. 2021 WL 3909905, at *4.

Even if this Court were to follow *Folb*, the mediation privilege recognized in that case would not bar the discovery sought in the Subpoena. The *Folb* court held that the privilege "applies only to information disclosed in conjunction with mediation proceedings with a neutral." 16 F. Supp. 2d at 1180. The court further explained that subsequent negotiations between the parties to a mediation "are not protected even if they include information initially disclosed in the mediation," and that "[t]o protect additional communications, the parties are required to return to mediation." *Id.* "A contrary rule would permit a party to claim the privilege with respect to any settlement negotiations so long as the communications took place following an attempt to mediate the dispute." *Id.*

ADS groups Requests 5 through 7 together as seeking protected settlement communications. Mot. to Quash at 4. But they address distinct subjects: the proposed class definition and how membership was determined; calculation, allocation, and distribution of damages or compensation; and fees, costs, and other payments in connection with the settlement. Hooks Decl. ¶ 2, Ex. A at 8. ADS cannot establish that every responsive document is protected by *Folb*'s mediation privilege merely by labeling this evidence as "settlement-related." Mot. to Quash at 4. The Joint Motion for Preliminary Approval of Class Settlement filed in the *Amazon* Action describes formal mediation sessions on October 9 and December 5, 2025, each of which were followed by further negotiations between Plaintiffs and ADS and an eventual executed agreement in March 2026. *Amazon* Action, ECF No. 2, at 6. Extending any mediation privilege to every communication outside the two formal mediation days is unsupported by *Folb* itself. *See Folb*, 16 F. Supp. 2d at 1180 ("[A]ny post-mediation communications are protected only by Rule 408's limitations on admissibility."); *see also* Fed. R. Evid. 408 advisory committee's note to 1974 enactment ("[S]tatements of fact made during settlement negotiations . . . are admissible.").

ADS also conflates admissibility with discoverability. Federal Rule of Evidence 408 limits specific uses of evidence at trial; it does not create a discovery privilege. *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 282 (N.D. Cal. 2015) ("Generally, settlement communications between parties are privileged under Rule 408 of the Federal Rules of Evidence. But Rule 408 pertains to admissibility at trial, not discoverability, and 'there is no federal privilege preventing the discovery of settlement agreements and related documents.'" (citations omitted)). Under Rule 26, relevant, nonprivileged information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Accordingly, to the extent that this Court decides to recognize a federal common-law mediation privilege, any such privilege cannot preclude discovery of all evidence sought in Requests 5 through 7.

**2. Request 4 is not limited to documents the *Port of Morrow* Defendants already possess.**

Second, ADS contends that Request 4 seeks information that the *Port of Morrow* Defendants possess. Mot. to Quash at 5. But Request 4 seeks all documents "***concerning***" specified communications, agreements, transactions, or coordination—not merely copies of exchanged communications or agreements. Hooks Decl. ¶ 2, Ex. A at 8 (emphasis added). It therefore reaches, for example, ADS's internal discussions, analyses, drafts, annotations, and other documents concerning those subjects that were not provided to any *Port of Morrow* Defendant. As explained above, the *Port of Morrow* Defendants are willing to confer on the appropriate scope of this request. But the fact that the *Port of Morrow* Defendants may possess some documents implicated by Request 4 does not mean that all documents sought in this request are undiscoverable.

**3. ADS's possession of records is distinct from its control of the underlying activities.**

Third, ADS argues that Requests 2 and 3 seek records that third parties control and maintain. Mot. to Quash at 5–6. Request 2 concerns spraying, irrigation, or land application of water ADS discharged into LUBGWMA canals; Request 3 concerns communications about those discharges and activities. Hooks Decl. ¶ 2, Ex. A at 8. ADS points out that "ADS does not conduct or control those activities." Mot. to Quash at 5. But that does not answer whether ADS *possesses* responsive documents. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) (reaching documents in a person's "possession, custody, or control").

Here, there is "a sufficient factual foundation for suspecting" that ADS "would possess the materials sought in the subpoena." *Mi Familia Vota v. Hobbs*, 343 F.R.D. 71, 89 (D. Ariz. 2022). The filings in the *Amazon* Action alone provide a concrete basis for suspecting that ADS possesses documents and communications concerning spraying, irrigation, or land application of water that ADS discharged into canals. *See, e.g.*, Joint Motion for Preliminary Approval of Class Settlement, *Amazon* Action, ECF No. 2, at 6 (stating that Plaintiffs "reviewed thousands of pages of documents and learned that ADS's data centers were conveying [non-contact cooling water] to the Port of Morrow and to canals used for irrigation and that the water sent by ADS to the Port was believed to contain nitrates").

The *Port of Morrow* Defendants are entitled to seek responsive documents that ADS does possess, hold, or control. If a reasonable search locates no responsive documents sought by Requests 2 and 3, ADS can say so. But the fact that another entity conducted an activity does not itself establish that ADS has no records about it.

**4. The Subpoena is reasonable in time and scope.**

Fourth, ADS objects to Requests 1 through 4 as vague and overbroad. But Requests 1 and 2 identify the specific information sought: ADS's discharge of water into canals within the LUBGWMA and any spraying or land application of that water, including the volume, date, location, any sampling or other monitoring, and nitrate concentration of such discharge and spraying or land application. Hooks Decl. ¶ 2, Ex. A at 8. Request 3 seeks communications specific to those topics. *Id.* And Request 4 seeks documents concerning communications, agreements, transactions, or coordination on a specific set of topics (water use, water discharge, wastewater, spent water, canals, spraying, irrigation, land application, nitrates, or groundwater) with a specific set of entities (the *Port of Morrow* Defendants). *Id.* Again, to the extent that ADS

seeks further limitations on Requests 1 through 4, this is properly handled via conferral between the *Port of Morrow* Defendants and ADS on appropriate search terms, temporal scope, and other limitations.

ADS also contends seeking discovery in July 2026, rather than earlier in the *Port of Morrow* Action, supports quashing the Subpoena. Mot. to Quash at 6–7. But discovery in the *Port of Morrow* Action was—and remains—ongoing. ADS does not, and cannot, point to any support for the idea that a subpoena may be quashed on timeliness grounds where the subpoena is issued during active discovery and months before a substantial completion deadline. ADS's cited authority—which involved a last-minute discovery request by class objectors who had no discovery right in the first place—does not stand for such a proposition. *See In re Wells Fargo Mortg.-Backed Certificates Litig.*, No. 09-CV-01376-LHK, 2011 WL 13240287, at *2 (N.D. Cal. Nov. 14, 2011).

**5. The Subpoena was properly served.**

Finally, ADS argues that the Subpoena should be quashed on the basis of improper service. Mot. to Quash at 7. Rule 45 merely requires "deliver[y]" of a subpoena, Fed. R. Civ. P. 45(b)(1), which courts have held to encompass service by certified mail, *see, e.g.*, *BNSF Ry. Co. v. Alere, Inc.*, No. 18-CV-291-BEN-WVG, 2018 WL 2267144, at *6 (S.D. Cal. May 17, 2018) (finding service of a subpoena "to have been properly effectuated when it was served via certified mail"); *Toni Brattin & Co. v. Mosaic Int'l, LLC*, No. 15-MC-80090-MEJ, 2015 WL 1844056, at *4 (N.D. Cal. Apr. 9, 2015) (same). Moreover, quashing the Subpoena at this juncture—after ADS has conferred with the *Port of Morrow* Defendants, asserted written objections, and placed the substance of those objections before the Court—would elevate form over substance and could require the parties to repeat the same process following re-service.

If the Court finds service insufficient, the *Port of Morrow* Defendants respectfully request that the Court resolve the scope of the *Amazon* Action discovery stay to allow the parties to more productively confer on the discovery requests going forward.

## III. CONCLUSION

For the reasons above, the *Port of Morrow* Defendants respectfully request that the Court deny the Motion to Quash and order ADS to produce any relevant documents that are responsive to the requests in the Subpoena.

DATED: November 6, 2026

*[Signature Page to Follow]*

*s/ KC Hovda*
Joshua M.F. Sasaki, OSB No. 964182
josh.sasaki@millernash.com
Trajan Perez, OSB No. 236276
trajan.perez@millernash.com
Fabio Dwroschak, OSB No. 236158
fabio.dworschak@millernash.com
Adrian Anderson, OSB No. 252238
adrian.anderson@millernash.com
KC Hovda, OSB No. 160764
kc.hovda@millernash.com
Julian Marrs, OSB No. 154743
julian.mars@millernash.com
MILLER NASH LLP
1140 SW Washington Street,
Suite 700
Portland, OR 97205
Telephone: 503-224-5858

*Attorneys for Defendant and Intervenor Portland General Electric*

*s/ Jacob Goldberg*
AMY EDWARDS, OSB No. 012492
amy.edwards@stoel.com
MISHA ISAAK, OSB No. 086430
misha.isaak@stoel.com
JACOB GOLDBERG, OSB No. 162565
jacob.goldberg@stoel.com
KIMBERLY J. CULLEN, OSB No. 246825
kimberly.cullen@stoel.com
MOLLY HOOKS, OSB No. 253387
molly.hooks@stoel.com
STOEL RIVES LLP
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

WADE C. FOSTER (Admitted *Pro Hac Vice*)
wade.foster@stoel.com
STOEL RIVES LLP
101 S Capitol Blvd, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040

*Attorneys for Defendant and Intervenor Port of Morrow*

*s/ Lawson Fite*
Lawson Fite, OSB No. 055573
lfite@schwabe.com
Sara C. Cotton, OSB No. 085986
scotton@schwabe.com
Alex Carroll, OSB No. 242614
acarroll@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. Fifth Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981

*Attorneys for Defendant and Intervenor Columbia River Processing, LLC*

*s/ Bruno Jagelski*
Bruno Jagelski, OSB No. 903049
bjagelski@yturrirose.com
Simmone Landau, OSB No. 233548
slandau@yturrirose.com
YTURRI RORSE LLP
89 S.W. 3rd Avenue
PO Box S
Ontario OR 97914
Telephone: 541-889-5368

*Attorneys for Defendant and Intervenor Lamb Weston Holdings, Inc.*

*s/ Clifford S. Davidson*
Clifford S. Davidson, OSB No. 125378
cdavidson@swlaw.com
Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
Snell & Wilmer LLP
601 SW Second Avenue,
Suite 2000
Portland, Oregon 97204-3229
Telephone: 503-624-6800

*Attorneys for Defendant and Intervenor*
*Threemile Canyon Farms, LLC*